# NORTHERN PAC. R. CO. *v.* AMATO.

*(Circuit Court of Appeals, Second Circuit. January 18, 1892.)*

**1. CIRCUIT COURT OF APPEALS—WRITS OF ERROR.**

Under the act establishing the circuit court of appeals, (26 St. p. 826, c. 517,) which provides, in section 11, that all existing provisions of law, "regulating the system and methods of review through appeals and writs of error," shall be applicable to such review in the circuit court of appeals, a writ of error returnable to the circuit court of appeals may be issued from the clerk's office of the circuit court in which the action was tried.

**2. SAME—JURISDICTIONAL AMOUNT.**

As Rev. St. U. S. § 691, as amended by Act Feb. 16, 1875, limiting the jurisdiction of the supreme court to cases involving $5,000 or over, was expressly repealed by section 14 of the circuit court of appeals act, there was no ground for contending that such limitation applies to the jurisdiction of the circuit court of appeals.

**3. SAME—DATE OF CREATION.**

The act creating the circuit court of appeals took effect from the date of its passage, and the court had jurisdiction to review, by writ of error, a judgment entered thereafter, and before the third Tuesday in June following, which was merely the day for the first meeting of the court, as fixed by the joint resolution passed on the same day with the act. *In re Claasen,* 11 Sup. Ct. Rep. 735, 140 U. S. 200, followed.

**4. SAME—PENDING SUITS.**

The circuit court of appeals has jurisdiction to review causes pending in the circuit courts at the time of its creation, even though such causes, being for less than $5,000, were not before reviewable in any court. Making the cause reviewable is not impairing the jurisdiction of the court, within the meaning of the clause of the joint resolution which declares that the act shall not in any wise impair the jurisdiction of any federal court in pending causes. *In re Claasen,* 11 Sup. Ct. Rep. 735, 140 U. S. 200, followed.

**5. BILL OF EXCEPTIONS—TIME OF SETTLING AND FILING—CIRCUIT COURT RULES.**

While rules 67 and 69 of the circuit court for the southern district of New York require exceptions in common-law cases to be drawn up and served before judgment, they do not require the exceptions to be settled and filed before that time.

**6. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.**

Whether it was contributory negligence for a railroad laborer, returning from his work at night across a slippery railroad bridge, to walk "at his ease," without keeping a lookout for trains, in view of his boss' assurance that there would be no trains for two hours, is a question for the jury.

Error to the Circuit Court of the United States for the Southern District of New York.

Action by Dominick Amato against the Northern Pacific Railroad Company for damages for personal injuries. The cause was brought originally in the supreme court of New York for New York county, and was subsequently removed by defendant to the United States circuit court for the southern district of New York. Verdict and judgment for plaintiff in the sum of $4,000, and a motion for a new trial denied. 46 Fed. Rep. 561. Defendant brings error. Affirmed.

On writ of error from the supreme court, affirmed, 12 Sup. Ct. Rep. 740.

### STATEMENT BY LACOMBE, CIRCUIT JUDGE.

In November, 1888, Amato, the defendant in error, who was a laborer on the railroad of the plaintiff in error, was run over, and his leg cut off, by one of the company's locomotives. He had been at work, with a gang of 56, near the west end of the railroad bridge, at Bismarck, in North Dakota. They lived near the east end of the bridge, and it was the custom of the company to take the men home from their work on a

v.49F.no.11—56

car drawn by a locomotive, about half past 5 o'clock each afternoon. On the day of the accident, however, the boss told them there would be no train to take them across, and that they would have to walk. He further told them that no engine would come over the bridge until about 7 or half past 7. They all started to walk across, but Amato, in consequence of a pain in his side, could not keep up with the others, and fell behind, walking by himself. There was but one track on the bridge, and on that track he walked. There was not room to walk at the side of the track without crawling from one trestle to another. An engine came on the bridge from the east, meeting him about midway across. From the place where he met the engine to the east end was about 700 feet, and the track straight. There was room on the bridge to allow him to step aside and let the engine pass, if he had seen it coming. He did not see it until it was "on top of him." Then he tried to get out of the way, but slipped on the track, which was slightly frozen, fell, and caught his leg under the wheel of the engine, which passed over it, cutting it off. The action was commenced in February, 1890, and was tried in the circuit court of the United States for the southern district of New York, April 17, 1891, resulting in a verdict for $4,000 in favor of the plaintiff below. Judgment was entered May 28, 1891, and the bill of exceptions was signed July 16, 1891. A writ of error from this court was issued from the clerk's office of the circuit court on July 27, 1891.

*Henry Stanton*, for plaintiff in error.

*Roger Foster*, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The defendant in error contends that the writ of error is void, because it was issued from the circuit court, and not from the circuit court of appeals. Such contention is unsound. The act of March 3, 1891, establishing the circuit courts of appeals, (26 St. p. 826, c. 517,) provides in its eleventh section that "all provisions of law now in force [when the act was passed] regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit court of appeals." At the time the act was passed it was provided, by section 1004 of the Revised Statutes, that "writs of error returnable to the supreme court may be issued as well by the clerks of the circuit courts, under the seals thereof, as by the clerk of the supreme court." By the eleventh section (above quoted) this regulation touching the method of review by writ of error was extended to cases returnable to the new courts of review.

It is also urged on behalf of the defendant in error that no writ of error lies in review of this judgment, inasmuch as the matter in dispute, exclusive of costs, is less than $5,000. Reference is made to the eleventh section of the act establishing the circuit courts of appeals, (above quoted,) and to the provisions of section 691 of the Revised Statutes, as amended

by section 3 of the act of February 16, 1875, (18 St. pp. 315, 316, c. 77,) limiting the jurisdiction of the supreme court to cases involving that amount. The difficulty with this argument is that the very act which created the new courts expressly repealed section 691 of the Revised Statutes, and also section 3 of the later act of February 16, 1875, limiting the jurisdiction to cases involving $5,000. Act March 3, 1891, § 14. At the time the new act was passed, these provisions as to the amount in controversy ceased to exist, and were therefore not transferred to the new courts as "provisions of law [then] in force."

Defendant in error further contends that this court has no jurisdiction to review, by writ or error, a judgment which was entered before the day prescribed in the joint resolution of March 3, 1891, (Joint Resolution No. 17, March 3, 1891; 26 St. p. 1115,) for the organization of this court, and that this action is not affected by the act of March 3, 1891, having been begun before its passage, and therefore within the saving clause of the joint resolution, which provides that "said act shall not * * * in any wise * * * impair the jurisdiction of any court of the United States in any case now pending before it." It is argued that the jurisdiction of the circuit court would be impaired if, in a case where its judgments were formerly absolute, they may now be reversed by writ of error. This point, however, has been disposed of by the supreme court in *Re Claasen,* 140 U. S. 200, 11 Sup. Ct. Rep. 735, where a writ of error was allowed under the new act to review a final judgment rendered March 18, 1891, in a criminal action pending before the passage of the act, and which judgment was not (except for such act) reviewable by writ or error, the court holding that the act of March 3, 1891, went into immediate operation, so as to permit a writ of error in such a case. The new courts were created by the act of March 3, 1891, § 2, which took effect upon its passage, not by the joint resolution, which merely provided for their first meeting day.

Defendant in error further contends that the bill of exceptions cannot be considered, because it was allowed too late, judgment having been entered May 28, 1891, and the bill of exceptions allowed July 16, 1891; and refers to circuit court rules 67 and 69, (for the southern district of New York.) These rules provide, in substance, as follows: (a) Exceptions shall be drawn up and served before judgment is rendered and entered, unless the time shall be enlarged by a judge; (b) amendments thereto are to be served within four days after service of the exceptions, unless the time shall be so enlarged; (c) four days are allowed for the parties to agree, unless the time shall be so enlarged; (d) if they cannot agree, four days' notice of settlement may be given by either party, unless the time be so enlarged; and (e) the judge shall thereupon correct and settle the same, within what time the rules do not prescribe. There is nothing in these rules requiring the exceptions to be settled and filed before judgment, and, for all that appears in the record before us, the proposed exceptions were drawn up and served before judgment, as the rules require.

The plaintiff in error insists that the trial judge erred in not taking the case from the jury, and directing a verdict for the company, because, as it contends, the undisputed testimony showed that Amato was guilty of culpable negligence, which brought about the accident. He testified that " he was walking at his ease, not thinking of anything," and did not see the engine when it came on the straight part of the bridge; but also stated that he "never thought of it, for the reason that the boss told him there was nothing to come across." We are of the opinion that it was fairly a question for the jury to determine whether or not it was negligence on his part not to keep a lookout for a coming engine, in view of the boss' assurance that there was none to come. The case is quite within the decisions in *Bradley* v. *Railroad Co.*, 62 N. Y. 99, and *Oldenburg* v. *Railroad Co.*, 124 N. Y. 414, 26 N. E. Rep. 1021.

The judgment of the circuit court is affirmed, with costs of this appeal.