# NORTHERN PACIFIC RAILROAD COMPANY *v.* AMATO.

ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 1508. Submitted February 29, 1892. — Decided April 11, 1892.

A suit was brought in the Supreme Court of New York against a railroad corporation created by an act of Congress, to recover damages for personal injuries sustained by the plaintiff, who was a laborer on the road, from the negligence of the defendant. The suit was removed by the defendant into a Circuit Court of the United States, on the ground that it arose under the act of Congress. It was tried before a jury, and resulted in a verdict and judgment for the plaintiff for $4000. The defendant took a writ of error from the Circuit Court of Appeals, which affirmed the judgment. On a writ of error taken by the defendant from this court to the Circuit Court of Appeals, a motion was made, by the plaintiff, to dismiss or affirm : *Held,*

(1) Under § 6 of the act of March 3, 1891, c. 517, 26 Stat. 826, the writ would lie, because the jurisdiction of the Circuit Court was not dependent entirely on the fact that the opposite parties to the suit were one of them an alien and the other a citizen of the United States, or one of them a citizen of one State and the other

a citizen of a different State, but was dependent on the fact that, the corporation being created by an act of Congress, the suit arose under a law of the United States, without reference to the citizenship of the plaintiff;

(2) The decision of the Circuit Court of Appeals was not final, nor in effect made final by the act of 1891, as in *Lau Ow Bew* v. *United States*, 144 U. S. 47;

(3) As it did not appear by the record, that, on the trial in the Circuit Court, the defendant made any objection to the jurisdiction of that court, and the petition for removal recognized the jurisdiction, it could not be said, as a ground for the motion to dismiss, that the defendant might have taken a writ of error from this court to the Circuit Court, under § 5 of the said act of 1891, and had, by failing to do so, waived its right to a review by this court;

(4) There was color for the motion to dismiss, and the judgment must be affirmed on the ground that the writ was taken for delay only;

(5) The main defence was contributory negligence on the part of the plaintiff, and the court charged the jury that they had the right to take into consideration the fact that the foreman of the defendant told the plaintiff it was safe for him to cross, at the time, the bridge where the accident took place, through the plaintiff's being struck by a locomotive engine while he was crossing the bridge on foot. The question was fairly put to the jury, as to the alleged contributory negligence. The case was one for the jury.

ON February 11, 1890, Dominick Amato brought an action in the Supreme Court of the State of New York, in the county of New York, against the Northern Pacific Railroad Company, a corporation created by an act of Congress, approved March 2, 1864, c. 217, 13 Stat. 365. The summons in the action was duly served on the defendant, and it appeared by attorney.

The complaint stated that the plaintiff was a resident of the city and county and State of New York; that on or about November 6, 1888, in or near the county of Burleigh, in the then Territory of Dakota, now State of North Dakota, through the negligence of the defendant and without negligence on his part, he was run over by an engine owned and operated by the defendant, from which he sustained injuries which caused him the loss of his leg; that on account of said injuries he was confined in a hospital for $7\frac{1}{2}$ months, and had sustained permanent injuries which made him unable to work, and had

been damaged thereby in the sum of $25,000; and that he demanded judgment against the defendant for that sum.

On the 13th of March, 1890, the defendant filed, in the Supreme Court of the State of New York, a petition in due form, setting forth that the action was a suit of a civil nature, arising under said act of Congress, accompanied this with a proper bond, and prayed that the suit be removed into the Circuit Court of the United States for the Southern District of New York.    The Supreme Court of the State made an order, on the 21st of March, 1890, approving the bond and removing the cause into the said Circuit Court, and staying all further proceedings therein in the state court.

A certified copy of the record being filed in the Circuit Court, the defendant put in its answer in that court, setting forth, that on or about November 5, 1888, at or near the east end of its bridge which extends across the Missouri River, from Burleigh County to Morton County, in North Dakota, the plaintiff, who at the time was a laborer on its road, attempted, without any right or authority to do so, to get or jump upon the footboard at the front end of a locomotive engine, the property of the defendant, while the same was in motion; that he slipped and fell, and one of his legs was run over by one of the wheels of the engine; that the defendant, its agents and servants, were using due care and diligence in running said locomotive at the time of the accident, which was not due to any negligence on the part of the defendant, its agents or servants, but was owing to the negligence and fault of the plaintiff himself; and that that was the matter referred to in the complaint; and the answer denies each and every allegation in the complaint contained, not thereinbefore specifically admitted.

The case was tried by a jury, in April, 1891, before Judge Coxe, and resulted in a verdict for the plaintiff, for $4000. On May 28, 1891, a judgment was entered for the plaintiff for the $4000, with $26.66 interest and $33.10 costs, amounting in all to $4059.76.    A motion was afterwards made before Judge Coxe to set aside the verdict as contrary to law and against the weight of evidence, and because the damages were

excessive.  On the 24th of June, 1891, Judge Coxe filed an opinion, (46 Fed. Rep. 561,) denying the motion.  A bill of exceptions was duly made and signed, July 16, 1891, and filed July 22, 1891.

A writ of error to review the judgment, returnable August 20, 1891, was duly sued out by the defendant from the Circuit Court of Appeals for the Second Circuit.  The plaintiff moved in that court to dismiss the writ of error for want of jurisdiction.  On the 25th of January, 1892, an order was entered in that court denying the motion to dismiss, and affirming the judgment of the Circuit Court, and ordering that a mandate issue to the latter court directing it to proceed in accordance with the decision and order of the Circuit Court of Appeals.  An opinion, on the affirmance by the Circuit Court of Appeals, was delivered by Judge Lacombe, and is set forth in the record.  1 U. S. App. 113.

On the 20th of February, 1892, the defendant sued out a writ of error from this court, which was allowed by an Associate Justice of this court, to review the judgment of the Circuit Court of Appeals, and the transcript of the record has been duly filed in this court.  The plaintiff now moves to dismiss the writ of error and to affirm the judgment.

*Mr. Roger Foster* in support of the motion to dismiss.

I.  The court will not construe the act creating Courts of Appeals literally and technically, but will give it a broad and liberal interpretation, consistent with its object, the relief of the Supreme Court, *ut res magis valeat quam pereat.*

Taken literally, section 5, which gives jurisdiction to the Supreme Court, amongst other cases, to " any case in which the jurisdiction of the court is in issue," and section 6, which gives the Circuit Courts of Appeals jurisdiction only in " cases other than those provided for by the preceding section of this act unless otherwise provided by law," would have excluded from the Circuit Courts of Appeals all cases in which the jurisdiction was put in issue by a denial of a difference of citizenship in the pleadings or otherwise.  This court, however, gave

the act a construction, founded upon its intent rather than upon its literal language, in *McLish* v. *Roff*, 141 U. S. 661, 668.

II. This case is one in which the decision of the Circuit Court of Appeals is final. Section 6 decides that its jurisdiction " shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the controversy." Here the jurisdiction depends upon the fact that the plaintiff is an alien and the defendant a corporation chartered by Congress, a citizen of the United States.

III. The final paragraph of section 6 of the act does not authorize a review by the Supreme Court of an order of a Circuit Court of Appeals.

The intention of that paragraph was to afford an *omnium gatherum* for any cases which had not been previously mentioned in section 5 or section 6, and to provide that in such cases, if any there were, there should be a review of the judgments or decrees of the District or Circuit Courts, not of the Circuit Courts of Appeals, by the Supreme Court, where the matter in controversy exceeded one thousand dollars.

IV. The plaintiff in error has lost its right to a review of this judgment by the Supreme Court.

It appears by his fifth assignment of error in the Circuit Court of Appeals that " a question of jurisdiction is in issue."

By failing to take a writ of error to the judgment of the Circuit Court from the Supreme Court immediately upon the entry of such judgment, and by electing to have a review of the whole case by the Circuit Court of Appeals, which has failed to certify any question to this court, the plaintiff in error has waived his right to a review here. *McLish* v. *Roff*, *ubi supra*.

V. If this court has jurisdiction of any writ of error in this case, the writ must run to the judgment of affirmance entered by the Circuit Court upon the mandate of the Circuit Court of Appeals, not to the order of the Circuit Court of Appeals that a mandate issue, after the mandate has issued and is filed in the Circuit Court.

*Mr. A. H. Garland* and *Mr. H. J. May* opposing.

The motion to affirm should be denied, because the writ of error was not taken for delay, and the question upon which the jurisdiction depends is not frivolous.

The statement of the boss to Amato that no train would come over the bridge until a certain hour did not warrant Amato in walking over the bridge in the manner he did.

Under all the circumstances that statement was more of a warning than an assurance of safety. He said no train would come over *until* about 7 or 7.30 P.M. That was a notice that a train *would* come over about that time. The statement was that a train would come over *about* 7 or 7.30; that was a notice to Amato to be on the lookout before 7 P.M. Amato says he started to walk over the bridge at *about* 5.30 or 6 P.M.; he probably put it quite as early as it was. Suppose he started at 6 P.M. He was lame and had to walk very slowly. The bridge measurements on the photograph show the bridge to be nearly half a mile long. Thus a man, who, in consequence of lameness, walks very slowly, is about to start at 6 P.M. to walk over a railroad bridge about half a mile long. He is told that a train will come over *about* 7 P.M. That statement was a warning to be on his guard, and not an assurance of safety excusing him from the obligation to watch and listen and warranting him in walking at his ease without thinking of anything.

Under the circumstances it was Amato's duty to listen and to look, and not to walk carelessly into danger. Having omitted to use his senses and having walked thoughtlessly upon the track he was guilty of culpable negligence, that so far contributed to his injuries as to deprive him of any right to complain of the railroad company. *Railroad Company* v. *Houston,* 95 U. S. 697; *Schofield* v. *Chicago, Milwaukee &c. Railway,* 114 U. S. 615; *Finlayson* v. *Chicago, Burlington &c. Railway,* 1 Dillon, 579–584.

It having been shown by undisputed testimony that Amato's culpable negligence brought about the accident, and it not having been shown that the railro d company was guilty of any negligence, or failed to exercise such reasonable care and prudence as would, if exercised, have avoided the conse-

quences of Amato's negligence, Amato was not entitled to recover, and the question was one of law to be decided by the court, and not of fact to be submitted to the jury. *Railroad Company* v. *Houston*, 95 U. S. 697; *Schofield* v. *Chicago &c. Railway*, 114 U. S. 615; *Inland &c. Coasting Co.* v. *Tolson*, 139 U. S. 551, 557.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

The first ground urged for the motion to dismiss is that, under the act of March 3, 1891, c. 517, (26 Stat. 826,) the writ of error will not lie. That act provides, in § 6, that the Circuit Courts of Appeals established by it shall exercise appellate jurisdiction to review, by appeal or by writ of error, "final decision" in the existing Circuit Courts in all cases other than those provided for in § 5 of the act, unless otherwise provided by law, and that "the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States, or citizens of different States."

The present case is not one provided for in § 5 of the act, and the judgment of the Circuit Court was not directly reviewable by this court under § 5; nor was the judgment of the Circuit Court of Appeals final in this case, because the jurisdiction of the Circuit Court was not dependent entirely upon the fact that the opposite parties to the suit were one of them an alien and the other a citizen of the United States, or one of them a citizen of one State and the other a citizen of a different State. The jurisdiction of the Circuit Court in this case depended upon the fact that, the defendant being a corporation created by an act of Congress, the suit arose under a law of the United States, without reference to the citizenship of the plaintiff. His citizenship is not mentioned in the complaint, or in the petition for removal; and that petition states that the action arises under the act of Congress. Nor was the decision of the Circuit Court of Appeals in effect made final, as in *Lau Ow Bew* v. *United States*, 143 U. S. 47.

Section 6 of the act of 1891 provides that 'in all cases not thereinbefore, in that section, made final, "there shall be of right an appeal, or writ of error, or review of the case by the Supreme Court of the United States, where the matter in controversy shall exceed one thousand dollars besides costs." Under that provision, as the judgment of the Circuit Court of Appeals in the present case was not made final by § 6, and as the matter in controversy exceeds $1000 besides costs, the defendant had a right to a writ of error from this court.

We do not think there is anything inconsistent with this view in what was said by this court in *McLish* v. *Roff*, 141 U. S. 661, or in *Chicago, St. Paul & Omaha Railway* v. *Roberts*, 141 U. S. 690.

In the Circuit Court of Appeals, the defendant, by its fifth assignment of error, took the point that the Circuit Court had no jurisdiction of its person or of the subject matter of the action; and on the present writ of error from this court, the first assignment of error, filed in the Circuit Court of Appeals and sent up as part of the record, assigns as error the several errors set out in the assignment of errors before the Circuit Court of Appeals. The plaintiff, therefore, contends on this motion, that as, under § 5 of the act of 1891, the jurisdiction of the Circuit Court was in issue, the case might have been brought by a writ of error directly from the Circuit Court to this court. But it does not appear by the record that on the trial, the defendant made any objection to the jurisdiction of the Circuit Court. On the contrary, its petition for removal states that the action had been brought against it, and that the complaint had been duly served on it, and that the defendant had duly appeared. And, even if a writ of error from this court to the Circuit Court could have been taken, yet, as the defendant did not take such a writ of error, but took one from the Circuit Court of Appeals to the Circuit Court, the plaintiff cannot be heard to assert, as the ground of this motion, the fact that the defendant might have taken a writ of error from this court to the Circuit Court. Equally it cannot be said, as a ground for this motion, that the case is one which involved in the Circuit Court the con-

struction or application of the Constitution of the United
States, on the ground that the question arose whether the act
of Congress incorporating the defendant was constitutional.
Nor can it be objected, as a ground for this motion, that the
defendant has waived its right to a review by this court,
because it failed to take a writ of error from this court to the
Circuit Court, to review the judgment of the latter court.

But, although this court has jurisdiction of this writ of
error, we are of opinion that, under clause 5 of Rule 6 of
this court, the judgment of the Circuit Court of Appeals
must be affirmed, on the ground that there was color for the
motion to dismiss, and that the writ was taken for delay only.

The bill of exceptions in the Circuit Court shows that the
plaintiff was sworn as a witness, and that, after he had given
his testimony, he rested, and then the defendant's counsel
moved to dismiss the complaint on the ground that the plain-
tiff, upon his testimony, was shown to be guilty of contributory
negligence. The motion was denied, and the defendant ex-
cepted. The defendant then called several witnesses, who
were in its employ, and who testified that the plaintiff was
injured at a point 110 feet east of the east end of the bridge,
while attempting to jump on the front footboard of a moving
locomotive, and that this occurred on the evening of Novem-
ber 5, 1888. The testimony of all but one of those witnesses
for the defendant was taken by deposition in Dakota, and,
except that one, they were not cross-examined.

The testimony of the plaintiff was that the accident hap-
pened while he was crossing a railroad bridge near Bismarck,
in North Dakota, on November 6, 1888; that he was a laborer
on the defendant's railroad, and was at work fixing up the
track near the west end of the bridge; that he lived near the
east end of the bridge; that the custom of the company was
to take the men home from their work on a car drawn by a
locomotive over the bridge from the west to the east end, at
about half-past 5 o'clock in the afternoon; that he had never
crossed the bridge before; that on the afternoon of the 6th of
November, "the English boss" told the laborers, about 56 in
number, of whom the plaintiff was one, that there would be

no train to take them across the bridge that night, and that they would have to walk across; that the boss said that no train or engine would come over the bridge until about 7 or half-past 7; that the plaintiff started to walk across the bridge with the other laborers at about half-past 5 or 6 o'clock P.M., but in consequence of a pain in his side, the result of a fall a week previous, he was not able to keep up with the others, and fell behind and walked over the bridge by himself; that there was but one track on the bridge, and he was walking on that track; that he could not walk at the side of the track without crawling from one trestle to another; that the engine came on the bridge from the east, meeting him about its middle; that there was room on the bridge to allow him to step aside and let the engine pass, if he had seen it coming; that it was coming in front of him, right around the turn, but he could not see it; that he did not see it until it was on top of him; that he then tried to get out of the way, but slipped on the track, which was slightly frozen, and fell and caught his leg under the wheel, and the engine passed over it and his leg was cut off; that he remained in the hospital 7½ months, and had not been able to work since; and that before the accident he earned $1.50 a day.

On cross-examination, he testified that if he had seen the locomotive coming he would have stepped to one side, out of the way, but he did not see it because it was coming around the curve; and that he never thought of the locomotive, because the boss told him there was nothing to come across, and he was walking at his ease, without thinking of anything. He further testified that he did not attempt to jump on a moving locomotive at the east end of the bridge.

At the close of the testimony on both sides, the defendant moved that the court direct a verdict for it, on the ground that the plaintiff had been guilty of contributory negligence in walking across the bridge in the manner he did, and also upon the ground that he was a trespasser on the bridge, and it was necessary for him to prove gross negligence on the part of the defendant. The motion was denied, and the defendant excepted.

The court, in its charge, put the question fairly before the

jury, and among other things told them that on the question whether it was a prudent thing for the plaintiff to walk across the bridge in the manner he did, and not see the engine approaching until it was directly upon him, they had the right to take into consideration the statement which he said was made to him by the boss, that it was safe for him to cross at that time, and that no engine would cross the bridge until about half-past 7 o'clock. To that portion of the charge the defendant excepted, but not to any other portion.

We concur with the view of Judge Coxe, in his opinion on the motion to set aside the verdict, that the question of the plaintiff's negligence was one of fact, and was submitted to the jury under instructions as favorable to the defendant as it could expect; and that the testimony of the plaintiff that the boss or foreman of the defendant had told him that no train or engine would come over the bridge until about 7 or half-past 7 o'clock, was properly to be taken into consideration by the jury in determining the question whether the plaintiff was negligent in not seeing the engine.

We concur also with the view of the Circuit Court of Appeals, in the opinion of that court, given by Judge Lacombe, that it was fairly a question for the jury to determine, whether or not it was negligence on the part of the plaintiff not to keep a lookout for a coming engine, in view of the assurance of the boss that there was none to come ; and that the case is quite within the decisions in *Bradley* v. *New York Central Railroad*, 62 N. Y. 99, and *Oldenburg* v. *New York Central Railroad*, 124 N. Y. 414.

*The judgment is affirmed, and the cause remanded to the Circuit Court of the United States for the Southern District of New York, for further proceedings, as required by § 10 of the act of March 3, 1891, 26 Stat. 829.*

MR. JUSTICE BREWER and MR. JUSTICE BROWN dissented on the ground that the Circuit Court should have directed a verdict for the defendant because the plaintiff had been guilty of contributory negligence.