A. B. Beem, Administrator, Appellant, v. The Tama and Toledo Electric Railway and Light Company.

104   563
106   510

104   563
119   532

104   563
120   643
120   658

104   563
129   252

104   563
132   580

104   563
d143  434

**Contributory Negligence:** EVIDENCE: *Railroads.* Decedent was seventy-one years old, and quite deaf. A few minutes before the accident occurred, he was walking along the street, parallel to, and a short distance from, a railway track. He turned to cross the track, and was struck by the cars, and was killed He did not look toward the approaching train, although he could have seen it for a distance of five hundred and fifty feet. The train was running at a higher rate of speed than allowed by the city. *Held* not to warrant a finding that the decedent was free from contributory negligence.

SAME. Contributory negligence by a person killed by a street car is sufficiently established by evidence that he was deaf and that he could not have failed to discover the approaching car if he had looked in the direction from which it came, before attempting to cross the track.

CARE OF EMPLOYE: *Presumption.* One in charge of a street car has the right to presume that one walking along the side of a track will exercise the caution which a person of ordinary prudence

would exercise. and will not attempt to cross the track immediately in front of a car, until there is reasonable ground for concluding that he may do so

*Appeal from Tama District Court.*—Hon. G. W. Burnham, Judge.

Friday, January 28, 1898.

Action at law to recover for injuries to the plaintiff's intestate, which caused his death, and which are alleged to have been the result of negligence on the part of the defendant. When the evidence on the part of the plaintiff had been fully submitted, the jury, by direction of the court, returned a verdict for the defendant, and judgment was rendered in its favor for costs. The plaintiff appeals.—*Affirmed.*

*T. Brown* for appellant.

*Struble & Stiger* for appellee.

Robinson, J.—In September of the year 1895, the defendant was engaged in operating an electric railway between points in Toledo and Tama. The railway passed through a portion of McClellan street, which extends from north to south, over a ridge. At a point from four hundred to five hundred feet south of the crest of the ridge, McClellan street is intersected by Brice street, which extends from east to west. On the twelfth day of the month named, A. B. Beem, the decedent, was struck by a train of the defendant in McClellan street, at a point north of, but near Brice street, and received injuries which caused his death within a short time. The train in question was composed of a freight car and an electric motor behind it. The plaintiff alleges that the defendant was negligent in operating its train with the freight car in front of the motor, in not having a person on the car to keep a

lookout for persons on the track, in not having the car supplied with a brake, in running the train at a higher rate of speed than was permitted by the ordinance of the city of Tama, in which the accident occurred, and in not stopping the train after the peril of the decedent was known, and before he was struck. The evidence for the plaintiff shows the following facts:

At the time of the accident the decedent was seventy-one years of age and quite deaf. A few moments before the collision, he was seen to be walking southward on McClellan street, parallel to, and a short distance east of, the railway track. Just before the collision occurred, he turned, and walked in a southwesterly direction, to cross the track, and was then struck. He is not shown to have looked towards the approaching train, although he could have seen it for a distance of five hundred and fifty feet before it reached the place of the accident. He resides west of the railway track, and not far from the place where he was hurt. The grade of the railway descended from the crest of the ridge southward, and, although the evidence as to the speed of the train is not satisfactory, it may be conceded that the jury would have been justified in finding that it was greater than the city ordinance permitted, and that the accident was due in part to negligence on the part of the defendant. It remains to be determined whether the jury would have been authorized to find that the decedent was free from negligence which contributd to the accident. It is true, as contended by the appellant, that it is the duty of persons in charge of a street car to be watchful and diligent to avoid doing injury to others, but persons who cross street railway tracks also have duties to perform. They cannot assume that, without care on their part, they will be seen, and protected from harm, and the car stopped, if necessary, to avoid a collision. They are not, as a rule, required to use the same degree of care as

would be required if they were about to cross an ordinary commercial railway track. *Orr v. Railway Co.*, 94 Iowa, 426. But street cars are usually operated according to established time schedules, and their efficiency and value to the public demand that they be so operated. To require, whenever a person approach the track, that they be stopped, or the speed slackened, until it is evident that the person will not be endangered by the running of the cars, would be to impose a serious, and, in many cases, an intolerable burden upon the railway corporation, and subject its patrons to annoying and injurious delays, without any substantial reason for so doing, or benefit of importance to any one. Ordinarily, a pedestrian who approaches a street railway track may, and does, without appreciable effort or loss of time, ascertain if a car be near, and it is his duty to do so. *Fenton v. Railroad Co.*, 126 N. Y. 625 (26 N. E. Rep. 967); *Fleckstein v. Railway*, 105 N. Y. 655 (11 N. E. Rep. 951); *Adolph v. Railroad Co.*, 76 N. Y. 530; *Schwartz v. Railway Co.*, 30 La. Ann. 16; *Buzby v. Traction Co.*, 126 Pa. St. 559 (17 Atl. Rep. 895.)

The only conclusion which can reasonably be drawn from the evidence in this case, is that the decedent did not take any precaution to avoid the accident. Although he was unable to hear readily, and therefore should have been more diligent to discover the approach of the train by the sense of sight, he could not have looked in the direction of the car when about to cross the track. There is no room for the presumption which arises in some cases, that the natural instincts of the decedent led him to use reasonable care to avoid the accident. The evidence clearly shows that he could not have done so without avoiding it. It may be (although it is not shown) that the employe in charge of the train, saw the deceased while he was walking southward, near the track; but, if so, the employe had no reason to suppose that the decedent

would turn towards, and attempt to cross, the track, without looking for and avoiding the train. Until there was reasonable ground for concluding that he might do so, the employe had the right to rely upon the presumption that he would exercise the caution which a person of ordinary prudence would have exercised. It is not shown that when the decedent turned toward the railroad track, to cross it, the car could have been stopped in time to avoid the collision. On the contrary, it is clear that the car could not then have been stopped before it occurred. We conclude that the evidence would not have authorized a recovery by the plaintiff, and the verdict was, therefore, properly directed for the defendant. The judgment of the district court is AFFIRMED.