FRIED & REINEMAN PACKING CO. v. HUGEL.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

No. 52.

MASTER AND SERVANT (§§ 286, 288, 289*)—ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

Plaintiff, who was a foreigner, new at the work, was employed by defendant in digging a trench, and when at the depth of 12 feet was injured by earth which fell in from the sides. The trench had been shored

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

two feet from the top, but there was evidence that there was no shoring below that. About halfway down a platform had been constructed, supported by crosspieces let into the earth at the sides, on which earth was thrown from the bottom, and from which it was thrown out by other men standing on the platform. The weight on the platform caused it to begin to slip, when plaintiff and other workmen in the bottom went out and reported the fact to the engineer in charge, who after an inspection pronounced it all right and ordered the men back, and within a few minutes thereafter the accident occurred. *Held*, that on such evidence the question of defendant's negligence and plaintiff's contributory negligence and assumption of risk were properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050, 1068–1132; Dec. Dig. §§ 286, 288, 289.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by John Hugel against the Fried & Reineman Packing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. V. Blaxter (Lazear & Blaxter, of counsel), for plaintiff in error. T. Mercer Morton and Henry Meyer, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In the court below, John Hugel recovered a verdict against the Fried & Reineman Packing Company for damages for personal injuries. On the entry of judgment thereon against it the company brought this writ of error.

The present differs from many cases cited to us wherein recovery by a man working in a trench for damages caused by a fall of earth has been denied. In those cases the danger incident to such work was known to and assumed by the injured man. But the proofs in this case are quite different. They show that Hugel was injured by a fall of earth while he was working at the bottom of a trench some 12 feet deep, which the defendant company was excavating. As the work proceeded, the defendant, by its engineer in charge, had caused the trench to be shored or braced in proper form about two feet from the surface. As to the precautions taken below this point the proofs differ. The defendant contended that five or six feet lower it had shored and braced the trench in the same way. The proof on behalf of the plaintiff, however, tended to show that at such place it was not shored at all; that the trench got so deep the earth could not be pitched to the surface, and all the defendant did was to put up an intermediate platform to which the earth could be thrown and from which it could be pitched to the surface by workmen standing on the platform; that to hold the platform the defendant made cuts or holes in the sides of the trench in which crosspieces were placed and platform boards laid thereon; that the weight of the dirt and the men working caused the earth under the cross-supports to weaken and give way. From the proofs before it, the jury could find the defendant was negligent, for they could infer that shoring at the depth the trench had reached was a proper precaution to safeguard the

workmen, and that the defendant had not properly performed at that point the duty which it assumed. But, assuming the proofs were such as to warrant a finding of negligence on defendant's part, it is further contended that Hugel assumed the risk and continued working in the face of it. But the facts do not support such contention. Hugel was a foreigner, new at the work. After the platform had been used for some little time, it began to slip. Thereupon he and his fellows went out of the ditch and called the attention of Samuel, the engineer in charge, to the fact. Thereupon the latter examined the platform or shoring, as defendant claimed it was, pronounced it right, and ordered the men back to work. The accident occurred within 15 minutes thereafter. In view of these facts, the court was right in refusing to hold as a matter of law that Hugel was guilty of contributory negligence or assumption of risk. To do so he must be held to have assumed a risk he had neither time or call to inspect, for he had the assurance of the defendant, through its engineer, that no danger existed and he should return to work. Under the circumstances, the effect of Samuel's assurance, as bearing on Hugel's alleged negligence, was for the jury. Northern Pacific Railroad Co. v. Amato, 144 U. S. 465, 12 Sup. Ct. 740, 36 L. Ed. 506; Slentz v. Western, etc., Co. (C. C. A.) 180 Fed. 390.

The judgment is affirmed.