IOWA CENT. RY. CO. et al. v. WALKER.†

(Circuit Court of Appeals, Eighth Circuit. February 26, 1913.)

No. 3,838.

1. NEGLIGENCE (§ 83*)—CONTRIBUTORY NEGLIGENCE—DISCOVERED PERIL.

Where the plaintiff in an action for a personal injury was chargeable with contributory negligence, and it is sought to recover on the ground of the subsequent negligence of defendant, it must be shown that defendant, after actual discovery of plaintiff's peril, failed to exercise ordinary care to prevent the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 115; Dec. Dig. § 83.*]

2. RAILROADS (§ 274*)—INJURY TO PERSON AT STATION—NEGLIGENCE.

A locomotive engineer, entering a station with a train and seeing plaintiff, a station employé, wheeling a truck near the edge of the platform, where he might be struck by the engine, had a right to suppose that he would step further away, and was not chargeable with negligence for not acting to prevent plaintiff's injury until he discovered that plaintiff probably would not do so.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–872; Dec. Dig. § 274.*]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action at law by Allen H. Walker against the Iowa Central Railway Company, Clarence Helm, and J. W. Shreve. Judgment for plaintiff, and defendants bring error. Reversed.

George W. Seevers and W. H. Bremner, both of Minneapolis, Minn., and McNett & McNett, of Ottumwa, Iowa, for plaintiffs in error.

S. V. Reynolds and John N. McCoy, both of Oskaloosa, Iowa, for defendant in error.

Before SANBORN, Circuit Judge, and WM. H. MUNGER and TRIEBER, District Judges.

WM. H. MUNGER, District Judge. This action was brought by the defendant in error, who will be designated as plaintiff, against plaintiff in error, who will be designated as defendant, to recover for an injury sustained by being struck by the engine of defendant's train. It appears that plaintiff was in the employ of defendant as telegraph operator at New Sharon, Iowa, and also assisted the station agent in and about handling the baggage, receiving the same from trains, and delivering the same to trains. The defendant's railroad track ran practically north and south on the east side of the depot; there being a platform between the depot and the tracks. A freight train from the north was about two hours late. Plaintiff inquired of the dispatcher where the train was, and was informed it had not yet reached Searsboro, a station about eight miles north of New Sharon. Plaintiff then went out to a baggage truck standing close to the edge of the platform next to the track to the northeast of the depot, took a hand grip off, handed it to a lady, had a little conversation with a gentleman, returned to the truck, pushed it along on the platform to the

south, with a view of taking the truck to the west side of the depot, where the train of another road was soon expected. There was snow on the platform, varying in depth, according to the evidence, from three to eight inches, the snow had been tramped down some, and a path had been shoveled down to the edge of the platform. Plaintiff, to avoid the snow, wheeled the truck close to the east edge of this platform. Just about as he reached the southeast corner, and while turning or about to turn the truck to the west, he was struck by this freight train coming on the defendant's track from the north, and sustained the injuries complained of. He alleged in his petition negligence of the defendant in permitting the accumulation of snow upon the platform, the running of the train at a negligent rate of speed, failing to give any signal by blowing the whistle or ringing the bell, and further alleged negligence upon the part of the defendant, in that, after the engineer discovered him in a place of peril, by the exercise of ordinary care, he could have avoided the injury.

[1] The trial court, in its charge to the jury, eliminated all questions of negligence excepting the latter, saying to the jury:

"But, as I have already said to you, down to the time he was within the danger limit, in my judgment, there is nothing to be considered by you. Now, after he was within the danger limit, could he, by the exercise of diligence, have been seen by the engineer to be inside of the danger limit? Then, from that point, had this engineer exercised care and freedom from negligence, as he ought to do, could he then have averted the injury? If not, then your verdict will be in favor of the company. If he, the engineer, could have averted the injury after he saw the hazardous position in which the plaintiff had placed himself, then you will find a verdict for the plaintiff."

This instruction was faulty, in that it submitted to the jury the question as to whether or not, in the exercise of diligence on the part of the engineer, he could have discovered that the plaintiff was inside the danger limit. The instruction in that respect was excepted to by defendant.

In Denver City Tramway Co. v. Cobb, 164 Fed. 41, 90 C. C. A. 459, Justice Van Devanter, then Judge Van Devanter, speaking with regard to the exception which permits plaintiff to recover, notwithstanding his own contributory negligence, said:

"The exception does not apply where the plaintiff's negligence or position of danger is not discovered by the defendant in time to avoid the injury."

In Hart v. Northern Pac. Ry. Co., 196 Fed. 180, 116 C. C. A. 12, this court said:

"It presupposes or concedes the existence of contributory negligence, and seeks to avoid its consequence by subsequent occurrences. If it were true that Starr was in a state of actual peril, that the defendant had actual knowledge of that peril, and after that knowledge was acquired failed to exercise ordinary care to prevent injuring him, these facts might create a cause of action, or might excuse the contributory negligence which brought Starr into his position of peril."

Numerous other authorities might be cited to the same effect, to wit, that the defendant's liability under what is known as the last chance doctrine is only where, after actual discovery of the plaintiff's perilous position the injury could be avoided by the exercise of ordinary care and diligence.

[2] There was a conflict in the evidence as to whether the plaintiff, while he was wheeling the truck on the platform to the south, was so near the track that he would be struck by the overhang of the engine, or whether the first time that he placed himself in position to be struck by the overhang of the engine was as he swung the truck to turn to the west. That, however, was a proper question for the jury. Assuming, however, that the engineer saw the plaintiff moving so near the edge of the platform that he might be struck by the overhang of the engine, he had a right to assume that the plaintiff would step to one side out of the danger line, and the engineer was not called upon to act until he discovered that the plaintiff probably would not step to one side. Little Rock Ry. & Elec. Co. v. Billings, 173 Fed. 903, 98 C. C. A. 467, 31 L. R. A. (N. S.) 1031, 19 Ann. Cas. 1173; St. Louis & S. F. R. Co. v. Summers, 173 Fed. 358, 97 C. C. A. 328; Ill. Cent. Ry. Co. v. Ackerman, 144 Fed. 959, 76 C. C. A. 13; Lake Shore & Michigan Southern Ry. Co. v. Miller, 25 Mich. 274; Southern Ry. Co. v. Bailey, 110 Va. 833, 67 S. E. 365, 27 L. R. A. (N. S.) 379; Beem, Adm'r, v. Tama & Toledo Elec. & Ry. Co., 104 Iowa, 563, 73 N. W. 1045.

The evidence, however, is undisputed that, as soon as the engineer operating the engine discovered that plaintiff was in a position of danger he applied the emergency brake, and stopped the train as soon as possible, the train coming to a stop within about 100 feet.

At the close of all of the evidence, defendant requested the court to instruct a verdict for the defendant, which was overruled, to which an exception was taken. As the evidence was indisputable and conclusive that, as soon as the engineer knew that the plaintiff was in a situation of danger, he immediately did all that could be done to avoid the accident by applying the emergency brake, the requested instruction should have been given.

The judgment is reversed, with directions to grant a new trial.