ST. LOUIS–SAN FRANCISCO RY. CO. v. MAYNORD et al.

(Circuit Court of Appeals, Fifth Circuit. November 7, 1917.)

No. 3145.

1. MASTER AND SERVANT ☞278(18)—INJURIES TO SERVANT—JURY QUESTION.

In an action against a railroad company for the death of a flagman run down by an engine, evidence *held* to warrant a finding by the jury that at the time he was struck the flagman was waving that flag, which meant that travelers could, with safety, use the crossing, and that the crossing was closed to engines and trains, despite a conflict in the testimony as to the color of the flag waved and that of the flag used to announce to travelers that the crossing was safe.

2. MASTER AND SERVANT ☞238(3)—INJURIES TO SERVANT—"NEGLIGENCE PER SE."

Where a flagman at a railroad crossing on a much-used street, after a long train followed by an engine passed the crossing, waved a flag, showing that the crossing was open to travel by the public, and continued to wave the same, it was not negligence per se for him to step on the track without looking to see whether the engine which last crossed was backing down the track, for one's doing or omitting to do what he has good and sufficient reason for believing he can safely do is not negligence, and the flagman had good reason to infer that an engine or train would not move over the crossing while he was waving the flag announcing that it was open to the public.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence Per Se.]

<hr>

3. MASTER AND SERVANT ⊙═289(30)—JURY QUESTION—CONFLICTING EVIDENCE.
    Where the evidence, in an action for the death of a railway flagman,
    as to his contributory negligence was conflicting, the question was for the
    jury.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action by Mrs. Alice Maynord and E. R. Maynord, administrators of the estate of A. B. Maynord, deceased, against the St. Louis-San Francisco Railway Company. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

Forney Johnston and W. R. C. Cocke, both of Birmingham, Ala., for plaintiff in error.

George P. Bondurant, of Birmingham, Ala., for defendants in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. This was an action under the Alabama Employers' Liability Statute (Code of Alabama of 1907, § 3910) by the administrators of the estate of A. B. Maynord, deceased, to recover damages for his death, which resulted from his being struck by the tender of an engine which was being backed along a railroad track, where it and several other tracks crossed a much-used part of a street in the city of Birmingham, Ala. The deceased was a flagman at this crossing. The waving of a red flag by him was a signal that an engine or train could go over the crossing, and was a warning to travelers on the street of danger at the crossing. The use by him of a flag of another color (one witness saying that the color was blue and others describing the flag as a green one) meant that it was safe for travelers on the street to go over the crossing.

Not long before the deceased was killed the engine the tender of which struck him had passed over the crossing while the red flag was being waved, headed in the direction opposite to the one in which it was backing when the deceased was struck. In going over the crossing it followed a long train, which continued to move beyond the crossing. After the engine got over the crossing, it was switched to another track, upon which it was backing over the crossing when the tender struck the deceased. There was evidence tending to prove that this backing movement was made while the deceased was waving the green or red flag, and while the crossing was being used by many travelers along the street.

[1] Some contentions made in the argument of counsel for the plaintiff in error (the defendant below) are based upon the suggestion that there was an irreconcilable conflict between the testimony of the witness who described the flag which he said the deceased was waving just before he was struck as a blue one and the testimony of the witnesses who said that the two flags which the deceased made use of were the red one and a green one. We are of opinion that it was open to the jury to find from the evidence as a whole that the flag the waving of which meant that travelers in the street could with safety use

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the crossing, and that it was closed to engines and trains, was a green flag, and that it was that flag which was seen by the witness who described it as blue.  It well might be inferred that a witness of such an occurrence as the one in question in this case might get the impression that the color of a flag he saw used by the flagman was blue, though the fact was that it was green, and yet at the same time clearly distinguish that flag from a red one.

[2, 3] It is insisted in behalf of the plaintiff in error that the undisputed evidence showed that the deceased was guilty of contributory negligence, and that the court erred in refusing to give a requested instruction "that Maynord was guilty of contributory negligence in stepping or standing or remaining on or in dangerous proximity to the track on or near which he was injured, whether he was waving a green flag or a red flag or not." There was evidence to support a finding that prior to and at the time the deceased got on or very near to the track on which the engine and tender which struck him were backing he was waving the flag which meant that the crossing was closed to engines and trains and was safe for the use of travelers along the street, and that people and vehicles were moving over the crossing in both directions.  If it was under such circumstances that the deceased approached the place at which he was struck, we are not of opinion that it was negligence per se for him to do so without first looking in the direction from which the engine and tender were backing.  One's doing or omitting to do what he has good and sufficient reason for believing he can safely do or omit to do is not negligence.  If the deceased had good reason to infer that an engine or train would not move over the crossing at the time he approached or got to the place at which he was struck, his going to or being at that place without looking for an approaching engine or train properly might be regarded as no more negligent than the conduct of a traveler along the street who went over the crossing in reliance on the invitation given by the signal of safety.  The evidence on the issue of the deceased's contributory negligence was conflicting.  The question was one for the jury.  It follows that the quoted request for an instruction was properly refused.  Birmingham Railway Light & Power Co. v. Hayes, 153 Ala. 178, 44 South. 1032; Louisville & Nashville R. Co. v. Webb, 90 Ala. 185, 199, 8 South. 518, 11 L. R. A. 674.

In the trial issues were raised by the pleadings and the evidence as to the alleged negligence of the defendant's employés, as to contributory negligence of the deceased, and as to negligence of his coemployés after his peril was discovered by them.  Complaint is made of sundry rulings of the court in submitting these issues to the jury.  Our conclusion is that no reversible error was committed in any ruling complained of.  The questions presented are not deemed to be such as to call for further discussion or comment.

The judgment is affirmed.