### IOWA CENT. RY. CO. et al. v. WALKER.

(Circuit Court of Appeals, Eighth Circuit. February 1, 1919.)

No. 5149.

1. APPEAL AND ERROR ☞1212(3)—REVIEW—LAW OF THE CASE.

Where a former judgment for plaintiff, administrator of deceased, was based on the last clear chance rule, which was the only question not withdrawn from the jury, was reversed on appeal, such reversal does not become the law of the case, so as to preclude judgment for plaintiff on retrial on issues of negligence, which at the first trial were withdrawn from the jury, for the only question presented to the court was whether the submission of the last clear chance rule was prejudicial.

2. RAILROADS ☞282(8)—INJURIES TO PERSONS ON TRACKS—NEGLIGENCE.

Where one struck by a freight train was informed by the dispatcher that the train was at a station 8 miles distant, from which, according to schedule, it would have taken 25 minutes to reach the point of the accident, and he testified that before getting a truck he looked for the train and saw none approaching, his contributory negligence was for the jury.

3. APPEAL AND ERROR ☞1067—REVIEW—HARMLESS ERROR.

Refusal of instructions as to questions withdrawn from the jury is not prejudicial though the instructions were correct.

4. APPEAL AND ERROR ⬄1050(1)—REVIEW—HARMLESS ERROR.

  In personal injury action against a railroad company admission of its rules requiring the engine bell to be rung, when approaching a grade crossing, and the whistle to be sounded at the whistling post is harmless, where, under Code Iowa, § 2072, such precautions were required.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action by William A. Walker, administrator of the estate of Allen H. Walker, against the Iowa Central Railway Company and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 241 Fed. 395.

J. A. Devitt, of Oskaloosa, Iowa, and William McNett, of Ottumwa, Iowa (F. M. Miner, of Minneapolis, Minn., Burrell & Devitt, of Oskaloosa, Iowa, and McNett & McNett, of Ottumwa, Iowa, on the brief), for plaintiffs in error.

John N. McCoy, of Oskaloosa, Iowa (S. V. Reynolds, of Oskaloosa, Iowa, and J. R. Jaques, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. This is the second time this cause has been brought to this court on writ of error. The first time the judgment in favor of the plaintiff was reversed (203 Fed. 685, 121 C. C. A. 579), and upon the second trial to a jury a verdict for the defendant in error was again returned, and judgment thereon entered.

The allegations in the complaint are set out in the former opinion of the court (203 Fed. 685, 121 C. C. A. 579), and need not be repeated here. The answers of the defendants, in addition to a general denial of the acts of negligence charged, pleaded contributory negligence.

There are ten assignments of error, but counsel in their briefs present them under five specifications, and we will dispose of them on these specifications, as they present all issues involved.

[1] 1. It is claimed that, as the former judgment was reversed on the ground that the court erred in refusing to direct a verdict in favor of the defendants, and upon the second trial the cause was heard on the same pleadings and the same evidence, in fact the evidence was read from the transcript of the record which was before this court on the first hearing, that decision is now the law of the case, and therefore the request of the defendants for a directed verdict should have been granted.

By reference to the opinion of this court at the former hearing, it will be seen that the only question before the court then was whether upon the facts, as shown by the record, the last chance doctrine applied; all other questions in issue having been withdrawn from consideration of the jury by the trial court. We held that, as the undisputed evidence established the fact that as soon as the engineer, operating the engine discovered that the plaintiff was in a position of danger, he applied the emergency brake, and stopped the train as soon

---

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as possible, the court erred in not directing a verdict for the defendants on the last chance rule of law.

The other charges of negligence alleged in the complaint, having been withdrawn from the jury, and determined by the trial court in favor of the defendant, and the verdict having been in favor of the plaintiff upon the only issue submitted to the jury, errors of the trial court prejudicial to the plaintiff were not subject to review on that writ of error, prosecuted by the defendant. Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788. This question was settled by this court, after a careful review of the authorities, in Guarantee Co. v. Phenix Insurance Co., 124 Fed. 170, 59 C. C. A. 376, and has since been followed by this court in a number of cases. Cook v. Foley, 152 Fed. 41, 81 C. C. A. 237; Ætna Indemnity Co. v. J. R. Crowe Coal & Mining Co., 154 Fed. 545, 83 C. C. A. 431; Rogers v. Penobscot Mining Co., 154 Fed. 606, 83 C. C. A. 380; Morrison v. Burnette, 154 Fed. 617, 83 C. C. A. 391; Midland Valley R. R. Co. v. Fulgham, 181 Fed. 91, 104 C. C. A. 151. Only those issues of law which were before the appellate court and by it determined, become the law of the case, when, upon reversal, the cause is retried. None of the cases cited by the learned counsel for plaintiff in error are to the contrary.

It follows that the court did not err in refusing to direct a verdict upon that ground.

[2] 2. Do the facts show that the plaintiff was guilty of contributory negligence, independently of the question adjudicated on the former writ of error?

The complaint, among other allegations of negligence, charged, and there was substantial evidence to require the submission of that issue, whether the train, which caused the injury complained of, came into the station at New Sharon without warning and without a signal, the plaintiff being at the place of danger by reason of the fact that he had been informed by the train dispatcher, in charge of that office, that the freight train, which caused the injury, was not yet at Searsboro, a station 8 miles away, and according to the schedule it required 25 minutes to reach New Sharon, where the plaintiff was injured. There was also evidence that only 3 minutes had elapsed after that information, when he had moved the truck and was struck by the freight train. It is claimed it was the duty of the plaintiff to look out for the train, notwithstanding the information he received from the train dispatcher, which led him, and rightly so, to believe that the train would not reach the place where he was wheeling the truck for 25 minutes, and failing to do so he was guilty of contributory negligence. He testified, "upon getting the truck, he looked to the north, whence the train would come, and saw no sign of an approaching train," so there was evidence that he looked for the train. We are of the opinion that the court committed no error in holding upon these facts that the plaintiff was not guilty of negligence as a matter of law. Negligence is not imputable, as a matter of law, to a person for doing what, as a reasonable person, he had good and sufficient reason for believing he can do or omit to do with safety, and without apprehension of danger. St.

Louis-San Francisco Ry. Co. v. Maynord, 246 Fed. 115, 158 C. C. A. 341. It is a question to be determined by the jury under proper instructions of the court. Northern Pacific R. R. Co. v. Amato, 49 Fed. 881, 1 C. C. A. 468, affirmed 144 U. S. 465, 12 Sup. Ct. 740, 36 L. Ed. 506. The Supreme Court in affirming the judgment of the Circuit Court of Appeals said:

"We concur also with the view of the Circuit Court of Appeals, in the opinion of that court, given by Judge Lacombe, that it was fairly a question for the jury to determine, whether or not it was negligence on the part of the plaintiff not to keep a lookout for a coming engine, in view of the assurance of the boss that there was none to come."

Other federal cases in point are McGhee v. Campbell, 101 Fed. 936, 42 C. C. A. 94; Slentz v. Western Bank Note, etc., Co., 180 Fed. 389, 103 C. C. A. 535; Fried & Reineman Packing Co. v. Hugel, 183 Fed. 110, 105 C. C. A. 402. In none of the authorities relied on by the plaintiff in error, had the injured person been informed by one in authority, what practically amounted to an assurance of safety, before doing the act claimed to have been negligence.

[3] 3. It is assigned as error that the court refused to give certain instructions asked by the plaintiff in error. The instructions refused and assigned as error in the fourth and fifth assignments, referred to the speed of the train; but as that question was by the court withdrawn from the jury, the defendant cannot complain that it was prejudicial to refuse them, even if they were correct, on which we express no opinion.

4. The exceptions to parts of the charge of the court all relate to the questions of contributory negligence which have been fully discussed hereinbefore, and it would serve no useful purpose to reiterate them.

[4] 5. The court properly admitted in evidence the rules of the defendant company, requiring the engine bell to be rung when approaching road crossings at grade, and the whistle to be sounded at all whistling posts. But even if it were error, it would not be prejudicial, as the law of the state of Iowa required it to be done. Section 2072, Code of Iowa.

Other questions have been presented and carefully considered; but as they present no question of law, not well settled, it is unnecessary to refer to them.

There was no error in the trial of the cause, and the judgment is accordingly affirmed.