STATE of Missouri ex rel. Edward E. WEINRICH, Relator,

v.

The Honorable William M. TURPIN, Judge, Lincoln County Circuit Court, Troy, Missouri, Respondent.

No. 38060.

Missouri Court of Appeals, St. Louis District, Division Four.

Dec. 7, 1976.

Kathie Blackman Guyton, Elsberry, for relator.

Jess L. Mueller, Pros. Atty., Lincoln County, Troy, for respondent.

NORWIN D. HOUSER, Special Judge.

Original proceeding to prohibit Honorable William M. Turpin, Judge of the Circuit Court of Lincoln County, from dismissing an appeal from a judgment of the Magistrate Court of Lincoln County.

1. "2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on behalf of the arresting officer. At the hearing the judge shall determine only:

Pursuant to § 564.444 2., RSMo 1969,[1] Relator Weinrich filed a motion in the magistrate court (a court of record) for a hearing to obtain a judgment setting aside the revocation of Weinrich's driver's license, claiming that he did not refuse a breathalyzer test. The magistrate conducted a hearing and found that Weinrich refused the test. Weinrich appealed to the circuit court from the judgment rendered in the magistrate court. In circuit court the prosecuting attorney filed a motion to dismiss the appeal on the ground that there is no statutory authority for an appeal to the circuit court from a magistrate's refusal to set aside a license revocation; that the circuit court lacks jurisdiction to hear such an appeal. Following a hearing on the motion to dismiss the circuit judge indicated the motion would be sustained and the case dismissed, but gave Weinrich time to apply for a writ of prohibition. In his application in this Court for a writ of prohibition relator Weinrich prayed that respondent circuit judge be prohibited from entering an order of dismissal and be required to hear the appeal.

Respondent asserts that the right of appeal is purely statutory and there is no statute permitting an appeal to the circuit court in this situation, either in § 564.444 or elsewhere in the statutes; that the proper course for relator to pursue was to appeal directly from the magistrate court to the court of appeals (without citing any authority for such a direct appeal); that to permit this procedure will allow a person whose license has been revoked three levels of courts in which to present his case, and this was not the intent of the General Assembly.

Section 512.180, RSMo 1969 provides in pertinent part as follows: "Any

(1) Whether or not the person was arrested;
(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and,
(3) Whether or not the person refused to submit to the test.
"3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive."

person aggrieved by any judgment rendered by a magistrate, except a judgment by consent, may, in person or by his agent, appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered; * * *."

Section 478.070(4), RSMo 1969, prescribing the jurisdiction of circuit courts, provides as follows: "Appellate jurisdiction from the judgment and orders of * * * magistrates, in all cases not expressly prohibited by law, and shall possess a superintending control over them, * * *."

Chapter 564, Offenses Against Public Safety, contains no provision for appeal from an order or judgment entered under § 564.444 2.

Since it has not been "otherwise provided" in the statutes or "expressly prohibited" by law, and since this is a "judgment" under these sections, rendered in a "case" within the meaning of § 478.070(4), the general statutes relating to appeals from magistrate courts control. (§§ 512.180 and 478.070(4), supra.)

■ Therefore a person desiring review of an order of revocation of his license has an election to request a hearing before a court of record in the county of residence or arrest (either in the circuit or magistrate court). If he elects the magistrate court and is aggrieved by the magistrate's determination he may appeal to the circuit court, and if aggrieved by the action of the circuit court he may appeal to the appropriate higher court.

■ Section 564.444 2. having provided for review "before a court of record" (of which there are two in Lincoln County, one of which by law is given the right to review the decisions of the other), "the fact that an appeal might have been taken to the superior tribunal in the first instance does not estop appellant to subsequently appeal to that court from the judgment of the inferior appellate court to which the cause was first taken; * * *." 4 C.J.S. Appeal and Error § 225, citing *Northern Pac. R. Co. v.*

*Amato,* 144 U.S. 465, 12 S.Ct. 740, 36 L.Ed. 506 (1892).

■ As to the legislative intent argument: the general language used in §§ 478.070(4) and 512.180 ("all" cases; "any" judgment) clearly demonstrates that the General Assembly intended to grant an unrestricted right of appeal from the judgments of magistrates to the circuit court in civil cases. This matter, of course, is civil in nature. *In re Green,* 511 S.W.2d 129 (Mo.App.1974).

That this result affords an opportunity to attack an order of revocation on three levels of courts is not a valid reason to rule otherwise. The wisdom of the statutory framework is not a matter of concern to the courts.

Accordingly, our preliminary writ of prohibition is made permanent; respondent is prohibited from entering an order dismissing relator's appeal and the court will proceed to entertain the appeal.

SMITH, C. J., and STOCKARD, Special Judge, concurs.