NATIONAL ACC. SOC. OF CITY OF NEW YORK v. DOLPH.

(Circuit Court of Appeals, Third Circuit. May 17, 1899.)

No. 12.

1. INSURANCE—ACTION ON ACCIDENT POLICY—EVIDENCE.
    The Pennsylvania act of May 11, 1881, which provides that no application or constitution or by-law of the company shall be admitted in evidence as part of a contract of life or fire insurance, or as having any bearing thereon, unless a copy thereof shall have been attached to the policy, does not apply to contracts of accident insurance.

2. REVIEW—HARMLESS ERROR.
    A judgment will not be reversed on account of the erroneous exclusion of evidence which was merely cumulative, and where the fact sought to be shown thereby was proved by other evidence without dispute, and properly submitted for the consideration of the jury.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

H. D. McBurney, for plaintiff in error.
G. M. Watson, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPAT-RICK, District Judge.

KIRKPATRICK, District Judge. In May, 1887, the National Accident Society of New York accepted Samuel Dolph as a member of said society, and issued to him a policy of insurance, which provided that, in the event of the death of the insured resulting from accidental bodily injuries, the society would pay the principal sum of $4,000 to Mindwell Dolph, wife of said assured. It appears from the record that, in the application which he made for this policy of insurance, said Dolph stated his occupation to be that of a professional salesman in a lumber yard and a foreman of men, and that his risk was rated as one engaged in such employment. In his said application the assured agreed that, for injury sustained by him when doing an act or thing pertaining to any occupation or exposure classed by the society as more hazardous than those so stated in the application, he or his beneficiary should be entitled to recover only such amount as the society paid for such increased hazards. It was expressed in the policy issued on said application that, if the member of said society (the assured) should be fatally injured while engaged temporarily or otherwise in any occupation classed as more hazardous than the occupation under which the certificate was issued, he should be entitled only to the indemnity or death loss of the division in which the occupation in which he had sustained the injuries was classified. The insured received an injury at the mill at which he was employed, and subsequently died. It was insisted at the trial, on the part of the defendant, that the injury so received was not the cause of death, and that, if it were such injury, it was received by assured while he was engaged in the occupation and performing the duties of an "off-bearer," which were classed by the society as more hazardous than those under which the assured was rated. The evidence on these points was contradictory. It was fairly submitted by the court to the determination of the jury. In the charge of the court in this respect, as well as in its neglect or refusal to charge as requested by the defendant, we find no error. Upon the trial of the cause, the learned judge refused to receive in evidence the application which was the basis of the policy of insurance, basing his refusal so to do upon the statute of the state of Pennsylvania enacted May 11, 1881. This court has held, however, in the case of Insurance Co. v. Carroll, 58 U. S. App. 76, 30 C. C. A. 253, and 86 Fed. 567, that the statute upon which the learned judge relied was not applicable to accident insurance. In accordance with the views therein expressed, we are of the opinion that in such refusal the learned judge erred.

In the record brought to the court the application refused by the learned judge is set out at length, and the fact is disclosed that the

only matter contained therein, pertinent to the issue raised, was contained in section 17, and related to the amount which the plaintiff would be entitled to recover, in case the assured at the time of the accident was engaged in business more hazardous than that in which he had by his representations then made been classed or rated. Clause 4 of the policy sets out the agreement made by the insured in regard to rating as expressed in the application, and expressly provides for the contingency of injury to the assured while engaged temporarily or otherwise in any occupation classed by the society as more hazardous than the occupation under which the certificate or policy was issued. The defendant's manual containing their classification of risks was also received in evidence, so that there was nothing in the application relevant to the issue which was not brought to the attention of the jury. The learned judge clearly set forth to the jury in his charge that, if the assured had met with his accident and consequent injury while engaged in a more hazardous occupation than that in which he had been rated, the plaintiff would not be entitled to recover the full amount named in said policy, but only the $500, which the policy provided should be paid to one engaged in the more hazardous occupation. The jury had before them for consideration all the evidence which was necessary to enable them fairly to determine all the questions of fact which were properly submitted to them. We fail to see how anything in the excluded application would have aided them, or tended to have changed the result,— at most, its evidence would have been but cumulative. Under these circumstances, there was no reversible error in refusal to receive the same. "The court will not reverse for error which it is evident has done no injury to party complaining." Chase v. Hubbard, 99 Pa. St. 226. To the same effect is the case of Galbraith v. Zimmerman, 100 Pa. St. 374. We are of the opinion that the verdict should not be disturbed, and that the judgment of the circuit court should be affirmed.