## T. D. Hughes *v.* J. H. Miller, Appellant.

*Judgment—Subrogation—Satisfaction.*

Judgment was recovered by the sheriff against a defaulting bidder at a sale. The defendant subsequently filed a petition setting forth that the judgment was for the benefit of the widow of the former owner who was a creditor of her husband's estate, and that she was indebted to the defendant. He prayed that he might be subrogated to the claim of the widow and that the judgment against him be decreed to be satisfied. The guardian of a daughter of the former owner filed an answer from which it appeared that the largest equity was in the daughter, and that the wife's payments on the judgment against her husband's estate, if not uncollectible, because voluntary, were barred by the statute of limitations. *Held,* that there was no error in dismissing the petition for subrogation.

*Appeals—Act of May* 19, 1897—*Practice, Supreme Court.*

Where the attention of the Supreme Court is called to a desire for an opportunity for appeal by the winning party in the court below, in case he should lose on the appeal by his opponent in the Supreme Court, the practice in the future will be merely to reverse the judgment and send the record back to the court below to enter such judgment as it should have entered in the first instance. The time for appeal by a different party will then begin to run from such judgment so that no one will be barred without a fair opportunity to be heard.

Where the Supreme Court in reversing the court below inadvertently entered judgment for the plaintiff on the verdict, and the time for defendant's appeal has passed, it will, subsequently on a rule to open or modify the previous judgment, rescind so much of it as gives judgment for the plaintiff, but let the reversal of the judgment of the court below stand, and remit the record of the court below for such judgment as law and justice require.

Argued April 17, 1899. Appeal, No. 326, Jan. T., 1898, by defendant, from order of C. P. Blair Co., June T., 1895, No. 174, discharging rule for subrogation. Before STERRETT, C. J., MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Appeal dismissed.

Rule for subrogation and satisfaction.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*T. H. Greevy* and *Edmund Shaw,* for appellant.—An equitable right to a judgment may exist without actual assignment of it: Fleming v. Beaver, 2 Rawle, 128; Wallace's App., 5 Pa. 103; Cottrell's App., 23 Pa. 294; Mosier's App., 56 Pa. 76; Maurer's App., 86 Pa. 381; Webster & Goldsmith's App., 86 Pa. 409; Campbell v. Foster Home Assn., 163 Pa. 609.

A judgment obtained against decedent in his lifetime remains a lien against him, his heirs and devisees, without revival by scire facias. Mrs. Judge, the widow of James Judge, deceased, having paid $1,640, including interest, on account of judgment of the Logan Loan & Building Association, was entitled to subrogation, and had full power to substitute J. H. Miller to her rights in that judgment, and against the estate of her deceased husband, in the manner she did: Shannon v. Newton, 132 Pa. 375; McCahan v. Elliott, 103 Pa. 634; Brown's App., 91 Pa. 485; Shippen & Robbins's App., 80 Pa. 391; Colgan's Est., 160 Pa. 140; Skiles v. Houston, 110 Pa. 254.

The practice for making orders for the distribution of money not paid into court is erroneous and ought not to be pursued, except when sanctioned by act of assembly: Williams's App., 9 Pa. 267; Atkins's App., 58 Pa. 86; Kauffman's App., 70 Pa. 261; Hoch's App., 72 Pa. 53.

*H. C. Madden,* of *Heinsling & Madden,* with him *M. M. Mc-Neil,* for appellee.—As payment of the judgment is not alleged, satisfaction could not be decreed by the court: Felt v. Cook, 95 Pa. 247.

As to subrogation, the right of the appellant could not possibly exceed that of Mrs. Judge: Searight's Est., 163 Pa. 210.

If unsecured by judgment or mortgage, and no action brought within the limitary period, under the act of 1834, to continue the lien, the debt ceased to be a lien against the real estate five years after the death of the decedent: Ferguson v. Yard, 164 Pa. 586; Kerper v. Koch, 1 W. 9; Oliver's App., 101 Pa. 299; Bindley's App., 69 Pa. 295.

Mrs. Judge's alleged payment did not extend the lien: Emerick's Est., 172 Pa. 195; Merkel's Est., 154 Pa. 286; Allegheny R. R. Co. v. Dickey, 131 Pa. 97; Smith v. Wildman, 178 Pa. 246; Clauser's Est., 1 W. & S. 208; Bindley's App., 69 Pa. 295.

The presumption is that the debt was extinguished and the judgment satisfied: Kuhn v. North, 10 S. & R. 399; Fink v. Mahaffy, 8 W. 384; Bank v. Potius, 10 W. 149; Rittenhouse v. Levering, 6 W. & S. 190; Hoover v. Epler, 52 Pa. 522; Webster & Goldsmith's App., 86 Pa. 409; Campbell v. Foster Home Assn., 163 Pa. 609.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

Judgment being recovered by the sheriff against the appellant as a defaulting bidder, for the deficiency at a second sale of the real estate of James Judge, the appellant filed a petition setting forth that the action was brought and the judgment would inure entirely to the benefit of Mrs. Judge, the widow of the former owner; that Mrs. Judge was not only the widow, but a creditor of her husband's estate, under such circumstances as made her the equitable owner of the present judgment, and that Mrs. Judge was indebted to the petitioner, defendant, so

that it would be inequitable to permit the judgment to be enforced against him for her benefit. He therefore prayed that he might be subrogated to the claim of Mrs. Judge and thereupon the judgment be decreed to be satisfied. To this petition the sheriff made no answer, but the guardian of Ella Donithan, daughter and heir of James Judge, answered, denying the status of Mrs. Judge as a creditor of her husband's estate, and as the alleged equitable owner of this judgment, and on the contrary averring the title of his ward to the money represented by the judgment, subject to her mother's life interest in one third. On the petition and answer the court discharged the rule for subrogation, and that action is the error assigned in the present appeal.

From the facts set up in the answer, which were not denied, it is clear that Mrs. Judge's payments on the judgment against her husband's estate, if not uncollectible because voluntary, were barred by the statute of limitations, and that the largest equity in this judgment is in the daughter. The rule for subrogation was therefore properly discharged and this appeal must be dismissed.

Pending this appeal, however, the appellant obtained a rule to show cause why the judgment heretofore entered in this Court should not be opened or modified, so as to permit a jury to pass upon his defense. The circumstances were as follows : At the trial in the court below the appellant, then defendant, presented two defenses, one on the facts and one on the law. The court ruled against him on the first, and directed a verdict for plaintiff, giving defendant exceptions on which he would of course have had an appeal. But the court being of opinion that his defense on the law was good, subsequently entered judgment in his favor non obstante veredicto. This judgment however on plaintiff's appeal, was reversed by this Court, 186 Pa. 375, and our attention not being directed to the fact that the verdict was by peremptory instruction of the court, we entered judgment for the plaintiff on the verdict. The defense set up on the facts at the trial in the court below was that defendant was not a defaulting bidder, but that he had failed to take title under his bid because of an amicable agreement between the parties interested that there should be another sale. Such an agreement would of course estop the parties to it from the present suit.

Whether the sheriff was party does not appear, but it seems that Mrs. Judge was, and as she is the equitable owner of this judgment to the extent of the interest on one third of it for life, the defense would seem to be good, at least pro tanto, if the defendant can establish it as a fact. This he has had no opportunity to do. The court below precluded him from going to the jury on it, and yet he was prevented from appealing by the entry of judgment in his favor on the point reserved. When this Court reversed that judgment and entered judgment on the verdict, it only intended to do what in the position in which the case then appeared to stand, the court below should have done. The affirmance of a judgment on one appeal does not prevent the subsequent reversal of it on an appeal by another party. Hitherto no practical difficulty has arisen in cases like the present, because ordinarily the judgment of this Court has been pronounced while there was still time for the party winning below but losing here to take his own appeal if he had any grounds for reversal in his favor. But with the shortening of the time for appeal by the Act of May 19, 1897, P. L. 68, it is manifest that this cannot usually be the case hereafter. The most convenient practice therefore which will be followed in future where our attention is called to a desire for an opportunity for appeal by the winning party below, in case he should lose here, will be merely to reverse the judgment and send the record back to the court below to enter such judgment as it should have entered in the first instance. The time for appeal by a different party will then begin to run from such judgment, so that no one will be barred without a fair opportunity to be heard.

In the present case we have already entered judgment on the verdict, and the time for defendant's appeal has passed. To reach an equitable result therefore we now, on the rule to open or modify our previous judgment, rescind so much of it as gives judgment for the plaintiff, but let the reversal of the judgment of the court below stand, and remit the record to the court below for such judgment as law and justice require.

In doing this we express no opinion on the merits of the defense alleged. We have no knowledge of the evidence by which it was sought to be sustained or of the objections made to it. All we decide is that the defendant should have an opportunity either to have a jury pass on his defense, or to have

this Court decide that he has not made out a sufficient case to justify its submission to a jury.

The appeal is dismissed. And so much of the judgment heretofore entered as renders judgment on the verdict for plaintiff is now reconsidered and rescinded and the record is remitted with directions to the court below to enter such judgment as law and right require.