WESTERN BANK NOTE & ENGRAVING CO. v. SLENTZ.

(Circuit Court of Appeals, Third Circuit.   June 13, 1911.)

### No. 18.

1. APPEAL AND ERROR (§ 1178*)—REVERSAL—FORM OF MANDATE.

   Where a judgment entered non obstante veredicto under the Pennsylvania practice is reversed by the appellate court, that court has power, on an alternative request by the defendant in error, to grant a new trial, whereby resort to a second writ of error may be avoided.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

2. APPEAL AND ERROR (§ 1053*)—REVIEW—HARMLESS ERROR.

   The admission of testimony, which was clearly made immaterial by the charge of the court, was not reversible error.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

3. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

   The overruling of an objection to testimony, if error, was without prejudice, where the witness had twice before testified to the same thing without objection.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195–4206; Dec. Dig. § 1058.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Andrew Slentz against the Western Bank Note & Engraving Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 180 Fed. 389, 103 C. C. A. 535.

Reed, Smith, Shaw & Beal and Edwin W. Smith, for plaintiff in error.

T. M. & R. P. Marshall, Oliver K. Eaton, and Meredith R. Marshall, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and McPHERSON, District Judge.

BUFFINGTON, Circuit Judge.   In the court below Andrew Slentz, a citizen of Pennsylvania, brought suit and recovered a verdict against the Western Bank Note & Engraving Company, a corporation of Illinois, for damages sustained by him through its negligence in operating an elevator.   Thereupon the defendant, in accordance with the Pennsylvania statute of April 22, 1905 (P. L. 286), moved the court to enter judgment in its favor non obstante veredicto.   This motion was subsequently granted, and to the entry of judgment the plaintiff sued out a writ of error to this court.   Thereafter this court, in an opinion reported at 180 Fed. 389, reversed the lower court and issued its mandate, directing that—

"judgment be entered for the plaintiff in accordance with the verdict rendered by the jury, and that the said plaintiff in error, Andrew Slentz, re-

cover against the said defendant in error, the Western Bank Note Company, the sum of $183.90 for his costs herein expended and have execution therefor."

In accordance with said mandate the lower court entered said judgment. Later the defendant sued out a writ of error, on which it assigns for error the ruling of the court in admitting over its objection certain testimony on behalf of the plaintiff.

[1] When it reversed this case on the former writ of error, this court had power, on an alternative request in this court, as indicated by the Supreme Court of Pennsylvania in Hughes v. Miller, 192 Pa. 368, 43 Atl. 976, to direct a new trial. This practice commends itself to our judgment, and should be followed hereafter by counsel in this court, for thereby resort to a second writ of error may be avoided.

[2] The assignments of error concern the admission of certain testimony over the defendant's objection. The facts of the case are fully set forth in our former opinion, and need not be here repeated. In one assignment the testimony complained of bore upon the practice of the elevator man for two days in detaining the elevator at the floor to which he had carried freight until the workmen who removed it had finished placing such freight on the floor and were ready to descend. In view, however, of the charge of the court that, to sustain a verdict, the jury must find there was an express promise by the elevator man to the plaintiff to wait for him on the lower floor, the evidence admitted, which bore on the practice of the elevator man, became inconsequential, and manifestly had no part in determining the issue.

[3] As to the assignment in reference to the testimony of the plaintiff that he believed the elevator was still on the first floor level when he stepped into the shaft, we are of opinion no error is involved which should lead to a reversal. The plaintiff twice before and without objection had testified he thought such was the case. And while the court at a later stage overruled the objection when such belief was testified to for a third time, yet the matter was of such inconsequence that the ruling was not even made a ground for a new trial. Without, therefore, entering upon a discussion of whether the evidence was admissible, we are clearly of opinion that it should not be held reversible error. Common sense teaches us that the man would not have stepped into the open elevator shaft, unless in the belief the elevator was there. The verdict of the jury is predicated on that fact; otherwise, he was guilty of contributory negligence.

It follows, therefore, that the evidence was merely cumulative and inconsequential, and not ground for reversal. As said in National Association v. Dolph, 94 Fed. 743, 38 C. C. A. 1:

"The court will not reverse for error which has done no injury to the party complaining"—citing Chase v. Hubbard, 99 Pa. 226, and Galbraith v. Zimmerman, 100 Pa. 374.