## Mars v. Philadelphia Rapid Transit Company.

*Umsted & Wolfe*, for plaintiff; *R. V. John* and *M. A. Coyne*, for defendant.

LAMBERTON, J., February 17, 1931.—This case was tried before a jury on May 19, 1930, and a verdict rendered for plaintiff in the sum of $16,500. Defendant filed a motion for judgment *n. o. v.*, and a rule for a new trial. On August 12, 1930, this court entered judgment *n. o. v.* for defendant, and discharged the rule for a new trial. Plaintiff took an appeal to the Supreme Court, as of January Term, 1931, No. 339, and on February 3, 1931, the Supreme Court filed an opinion and entered the following order: "The judgment of the court below is reversed, and judgment is directed to be entered on the verdict:" 303 Pa. 80.

Defendant, without further proceedings in the Supreme Court, has been granted a rule on plaintiff to show cause why the judgment should not be opened and the defendant permitted to reargue the motion for a new trial *nunc pro tunc*.

At the argument on this rule the defendant's sole contention was that the verdict was grossly excessive. While expressing no opinion on this point, we believe there is sufficient merit in the defendant's contention to make it desirable that an opportunity be afforded to have this question passed upon.

When the rule for a new trial was discharged, the action of this court was *pro forma*, being induced by the belief that serious consideration of the rule for a new trial was unnecessary in view of the action of the court in granting the motion for judgment *n. o. v.*

We believe that this court is without power to grant defendant the relief which is now asked. The decisions of the Supreme Court indicate quite clearly that where an order is entered, as in the present case, reversing the judgment of the court below, and directing that judgment be entered on the verdict, the lower court is without power to take further action, except as directed by the Supreme Court.

The proper remedy of the defendant is to secure from the Supreme Court a modification of its order, so that the record shall be remitted to the lower court with direction to enter such judgment as law and right may require. This is the procedure clearly indicated in Hughes *v.* Miller, 192 Pa. 365, and Sloan *v.* Phila. & Reading Ry. Co., 235 Pa. 155.

If such procedure is followed and the Supreme Court modifies its order, this court will then be at liberty to consider the rule by the defendant for a new trial.

And now, February 17, 1931, the rule to show cause why the judgment should not be opened, and the defendant permitted to move for a new trial, in the above case, is discharged.