SPARKS v. SIEBRECHT et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

CONTRIBUTORY NEGLIGENCE—FAILURE TO AVOID DANGER.

Plaintiff, who was injured by falling through a hole in the floor of defendants' building, was guilty of contributory negligence where she had never been in the building before, and there was nothing to prevent her from seeing the hole if she had looked where she was walking.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from judgment on report of referee.

Action by Mary E. Sparks against Henry A. Siebrecht and another, composing the firm of Siebrecht & Wadley. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. C. Brown, for appellants.

Mornay Williams, for respondent.

WILLIAMS, J.    The action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.    The only question we deem it necessary to consider on this appeal is whether the plaintiff satisfactorily established on the trial her own freedom from contributory negligence at the time the accident occurred.    She had the burden of proof upon this element of the cause of action.    The room was concededly so light that there would have been no difficulty in seeing the opening into which the plaintiff fell, if she had looked at the floor at all.    She walked along without exercising any care whatever to see where she was going. All her companions saw the opening, and avoided it.    She did not look, and her entire failure to exercise any care was the cause of the accident.    She testified that she remembered nothing that occurred after she stepped into the room until after the accident.    If that was true, then she exercised no more care than if she had walked with her eyes closed, because she had to pass over some five or six feet after she stepped into the room before she fell.    She was not going out of the building in the same way she went in, and had never been there before, and she was called upon to use some care to see where she was going.    She must have exercised no care whatever, or she would have seen the opening, and have been able to avoid it, as all the witnesses testified upon the trial.    Dr. Roberts said: "It was perfectly light in the room.    No one could pass there without seeing the opening.    Anybody that could look around could see exactly what the situation was.    They ought to have seen the opening

plainly. There was nothing to prevent it." Mrs. Burpo said: "The room was light as any room ought to be. I saw distinctly. Any one looking upon the floor must certainly see the opening. I could not help seeing it." Mrs. O'Dell said: "When I came to the door of the room, I saw the trapdoor perfectly plain. It was perfectly light there. I could not help seeing it. It was all open,—exposed to view. It was perfectly evident to me, when I came out of the door, that the trapdoor was open, and in plain sight. Any one could have seen it. They could not have helped seeing it if they had looked on the floor." There was no contradiction whatever of this evidence. Upon these facts, we think the referee was not justified in finding that the plaintiff was free from contributory negligence. There are many reported cases sustaining the conclusion at which we have arrived upon this question, the latest of which are Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, and Whalen v. Gaslight Co., 151 N. Y. 72, 45 N. E. 363.

In the Weston Case the plaintiff stepped upon a ridge of ice upon the sidewalk, and slipped and fell, and was injured. Andrews, C. J., said:

"Whether the plaintiff saw the ridge before stepping upon it, does not appear. Nor was it shown whether she was walking fast or slow, or what attention she was paying, if any, to the condition of the sidewalk. If she discovered the ridge, she was not required to leave the sidewalk, but she might, without being subject to the charge of negligence, using care and prudence, have kept on her way. But she could not heedlessly disregard the precaution which the obvious situation suggested, and proceed as if the sidewalk was free and unobstructed. The presumption which a wayfarer may indulge that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious."

In the Whalen Case the plaintiff tripped her foot upon a flagstone of the sidewalk which had been removed from its place, and lay across the walk, and fell and was injured. Haight, J., said:

"It was a bright day about 11 o'clock in the forenoon. The obstacle over which the plaintiff fell was a large flagstone over four feet in length and three feet in breadth. There was nothing to obscure her vision, her eyesight was good, and she could see as she was walking along the walk. It is not pretended that anything occurred that momentarily obstructed her vision, and it is difficult to conceive how she could have avoided seeing the obstacle unless she was heedlessly proceeding in utter disregard of the precautions usually taken by careful and prudent people."

The judgment appealed from should be reversed, and a new trial ordered before a new referee to be named in the order, with costs of this appeal to appellant to abide event.

PATTERSON and INGRAHAM, JJ., concur. VAN BRUNT, P. J., and O'BRIEN, J., dissent.