### NATIONAL METAL EDGE BOX CO. v. MARONI.

(Circuit Court of Appeals, Second Circuit. May 4, 1903.)

#### No. 164.

**1. CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**
  The question of the contributory negligence of the plaintiff in an action for a personal injury *held*, under conflicting evidence as to the facts, and his knowledge of the danger, to have been properly submitted to the jury.

In Error to the Circuit Court of the United States for the District of Vermont.

James K. Batchelder, for plaintiff in error.
Clarke C. Fitts, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. This action was brought by Guspa Maroni to recover damages for injuries received by him on the 28th day of January, 1901, in the pulpmill owned and operated by the defendant at Readsboro, Vt.

Plaintiff was in the employ of a railroad company in its repair shop, which was located some 75 rods from the defendant's mill. On the day in question he was directed by his employer to go to the defendant's mill to procure a valve for the use of the railroad company, it being customary for the railroad to procure such supplies from the defendant. In pursuance of this purpose he passed by a stairway used by the defendant's employés in passing up and down, and also used as a slideway, planks being laid on the steps, down which bales of stock were slid by gravity from the fourth to the third floor of the mill. As he was passing the foot of the stairway he was struck by a bale of paper stock of several hundred pounds weight, and about three feet square, and received the injuries of which he complains.

The stairway is built against the side of the mill and on the other side it is boarded up solidly about one half the way from the top, the upper portion being hidden from the view of a person approaching on the floor below. The plaintiff was familiar with the stairway and its uses, having previously worked for the defendant. His testimony tended to show that when used for a slideway for bales of stock, the defendant had some one posted at the foot of the stairs to notify persons who might be passing on the third floor. This was contradicted by defendant's witnesses, but the evidence justified the jury, if they credited the plaintiff's version of the accident, in finding that there was

¶ 1. See Negligence, vol. 37, Cent. Dig. § 299.

negligence in propelling heavy bales of stock with great velocity down the incline, without notice to those lawfully passing the foot of the slideway. The jury returned a verdict in favor of the plaintiff for $1,100.

The defendant assigns error as follows: (1) That the court erred in not directing a verdict for the defendant; (2) that the court erred in declining to charge the jury that it was the duty of the plaintiff to look and watch to learn if bales were being put down, and if he did not do so he was guilty of contributory negligence, and (3) that the court erred in charging the jury upon the subject of contributory negligence.

The motion for the direction of a verdict states no grounds upon which the defendant relies. If, however, it be conceded that it was based upon the plaintiff's alleged negligence, which counsel for defendant assumes to be the fact, there was no error in its denial.

The plaintiff's negligence, upon the testimony was clearly a question of fact for the jury. The trial judge did not charge upon this question in the precise language of the request, but the charge presented the question to the jury as fairly for the defendant as it had any right to demand. The jury were told that if they believed the testimony of the defendant's superintendent that he informed the plaintiff that they had no valve suitable for the purposes of the railroad, and that it would not avail the plaintiff to search for one in the pipeshop, his attempting to go there made him a trespasser, which would prevent a recovery.

The court then said:

"But if not so given to understand, and he was left to understand that he might look further for a valve, he would be rightfully there; but still if he did not exercise the care of a prudent man in view of the bales that were lying there, and what he knew and ought to have known and could see in looking out for the bale that hit him, and that failure contributed to his being hit, he would not be entitled to recover, and the verdict should be for the defendant, although the defendant's men should be found to have been negligent in putting down the bale without giving warning as had been before explained."

The jury were therefore given to understand that, if the plaintiff did not exercise reasonable care in looking out for the bale that struck him, he could not recover.

We find no error in the record and are of the opinion that the judgment should be affirmed with costs.