## SWIFT & CO. v. LANGBEIN.

(Circuit Court of Appeals, Sixth Circuit. January 14, 1904.)

(No. 1,215.)

1. DEFECTIVE SIDEWALK—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.
   It is not negligence as a matter of law for one to walk upon a street which he can see is out of repair or obstructed by débris.

2. SAME—INSTRUCTIONS.
   In an action by a pedestrian against an abutting owner for injuries occasioned by stepping into a hole left in the sidewalk by the removal of an iron grating, the accident occurring at night and while the place was unlighted and unprotected, it is not error to refuse to instruct that if the jury find that plaintiff and his companion were walking on the sidewalk, where he could plainly see débris, etc., and knew the walls of the build-

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1678, 1756.

ing were torn down, but could see a safe and secure path, and, wishing to get in this path where his companion was walking and which was light, he, instead of stopping short to allow his companion to pass on and then stepping behind him, stepped over towards the wall, and in the dark, and fell in the hole, this was contributory negligence.

3. SAME—QUESTION FOR JURY—REVIEW.

The fact that in a personal injury case the trial judge has submitted, or refused to submit, a question involving the inference as to contributory negligence to be reasonably drawn from undisputed facts, cannot conclude a reviewing tribunal, since the opinion thus expressed as to what might or might not be reasonably inferred cannot furnish an arbitrary standard.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

For opinion below, see 121 Fed. 416.

James H. Malone, for plaintiffs in error.

John C. Bell, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. There was evidence tending to show that the plaintiffs in error, while engaged in making alterations in a building, removed for their convenience an iron grating over a cellar under the sidewalk in front of their building, and left same unlighted and unprotected. The defendant in error, passing along this sidewalk in the nighttime in company with one Soverns, stepped into the opening made by removing the grating, and sustained serious injuries.

Upon the conclusion of the evidence the court delivered a full charge, to which no exceptions were reserved. After having retired the jury returned into court, and propounded to the court the following interrogatory:

"If a person knowing that a building was being remodeled or rebuilt, and saw brick and débris on sidewalk, and did not know of any hole in sidewalk, and in passing along sidewalk, with no barrier to prevent him, is he guilty of contributory negligence, even if he knew of improvements going on, if he should fall in a hole? With this previous knowledge of improvements and attendant dangers, can he recover under the law in case of accident?"

Thereupon the court requested counsel to prepare what they considered should be said to the jury in response. The attorney for the plaintiff in error requested the judge to charge the jury as follows:

"If the jury find that the plaintiff and his companion, Soverns, were walking on the sidewalk where he could plainly see débris, etc., and knew the walls of the building were torn down, but could see a path safe and secure to walk upon, and that he wished to get in this path where Soverns was walking, and which was light, and instead of stopping short off to allow Soverns to pass on, and then himself step behind Soverns in the path, he, the plaintiff, stepped over towards the wall, and in the dark, and fell in the hole, then this was contributory negligence, which would prevent the jury from rendering a verdict for the plaintiff, and you should find for the defendant."

This was denied, and exception reserved, and the refusal to so charge is the sole error relied upon to reverse the judgment for the plaintiff below.

It is not negligence as a matter of law for one to walk upon a street which he can see is out of repair or obstructed by débris. It may be that the use of such obstructed way would not, under all the facts, be inconsistent with reasonable care, and the question of negligence in every such case would depend upon the character and extent of the visible obstruction, and the care exercised in using the street under all of the circumstances. Mushenval v. Dist. of Columbia (Nov. 30, 1903; not yet officially reported) 24 Sup. Ct. 57, 48 L. Ed. ——.

The negligence set up by this special request lies in small compass, namely, that if the plaintiff, being situated as assumed in the request, wished to get into the path in which his companion was walking, should step to one side, and toward the wall of the building on the inner side of the sidewalk, for that purpose, instead of standing still and letting his companion, Soverns, pass on, and then dropping in behind him, that he would in so doing be guilty of negligence proximately contributing to his injury, and such as to defeat his action.

We are not prepared to say that the court erred in refusing to give this charge. In the first place, it does not leave to the jury the consideration of other facts which should have some bearing in determining whether the mere act of "stepping over toward the wall," in order to get into the lighted path, instead of stopping and allowing his companion to pass on, and then stepping into the path behind him, was an act of negligence.

It takes no account of the extent of his side step, nor the width of the sidewalk, or of the lighted path or the character or location of the "débris" referred to, nor of the nearness of the wall toward which he stepped, nor of the reasons which might lead him to do the one thing rather than the other.

Confining ourselves to the hypothetical case stated in the request, the only notice of obstruction which the plaintiff had was that "he knew the walls of the building were torn down," and "could plainly see débris." Whether it was upon one or both sides of "the safe and secure" path his companion was pursuing is not stated or assumed. But if we assume that he assumed the risks incident to the fact that the wall of the defendants' building had been pulled down, and that there was more or less débris upon the sidewalk, his injury did not result from either fact, but from the further fact that between this alleged "safe path" into which he was striving to get and the inner edge of the sidewalk there was a hole, caused by the removal of an iron cellar grating, which was unlighted and unguarded.

Now, can it be said that the mere fact that he stepped "over towards this wall and in the dark," in order to get into the path, instead of stopping and letting his companion pass on and then dropping in behind, was so clearly an act of negligence as to present no debatable inference? Negligence is a question of law only when the facts upon which it depends are undisputed, and when the inferences from those facts will not reasonably admit of any other imputation. The distinction between the function of the judge and of the jury in determining a question of negligence is well stated by Lord Chancellor

127 F.—8

Cairns in Metropolitan Ry. Co. v. Jackson, L. R. 3 App. Cases, 193, 197, where he said:

"The judge has to say whether any facts have been established by evidence from which negligence may reasonably be inferred; the jurors have to say whether, from those facts when submitted to them, negligence ought to be inferred."

Railway Co. v. Ives, 144 U. S. 417, 12 Sup. Ct. 679, 36 L. Ed. 485; Patton v. Southern Ry. Co., 82 Fed. 979, 27 C. C. A. 287.

The difficulty is to say when a jury may reasonably draw an inference of negligence. There are plain cases, cases in which all men could reasonably draw but one inference, but there are other causes, and an infinite number of them, where, for the want of a definite standard of prudence, reasonable men might reach different conclusions. But in the latter situation we have a case for the jury, who, in circumstances of grave doubt, should be called upon to say whether negligence ought to be inferred or not. The inherent vagueness of the word "reasonable" will always perplex the judge and juries, because in the very nature of things there can be no settled rules by which to guide the judgment to a conclusion. The Directors of Dublin, etc., Ry. Co. v. Slattery, L. R. 3 App. Cases, 1155, 1197.

This difficulty is recognized in Railroad Co. v. Stout, 17 Wall. 657, 663, 21 L. Ed. 745, where, in discussing the function of judge and jury, Justice Hunt said:

"Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man equally sensible and equally impartial would infer that proper care had been used and that there was no negligence. It is this class of cases and those akin to it that the law commits to the decision of the jury."

That the trial judge has submitted or refused to submit a question involving the inference to be reasonably drawn from undisputed facts, in the very nature of things cannot conclude a reviewing tribunal, because the opinion thus expressed as to what might or might not be reasonably inferred cannot furnish an arbitrary standard of what is or is not a reasonable deduction.

Having due regard to the fact that the trial judge whose ruling is questioned both saw and heard the witnesses, a reviewing tribunal must, for itself and upon its own responsibility, determine whether there was a question for the jury, without, as observed by Lord Coleridge in Dublin, etc., Ry. v. Slattery, being put in the awkward attitude of saying "by implication that in the case before them the judge overruled is out of the pale of reasonable men."

Illustrative of cases where no inference, other than that of contributory negligence, could reasonably be drawn, are the cases of Railroad v. Houston, 95 U. S. 693, 24 L. Ed. 542; Elliot v. Railroad Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; N. P. R. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; Blount v. Grand Trunk Ry. Co., 61 Fed. 375, 9 C. C. A. 526; L. & N. Rd. v. McClish, 115 Fed. 268, 53 C. C. A. 60; Zopfi v. Postal Tel. Co., 60 Fed. 987, 9 C. C. A. 308, 312; Shatto v. Erie Rd. Co. (C. C. A.) 121 Fed. 678.

Upon the other hand, the cases cited below are examples of the

submission of undisputed facts to a jury to say whether or not the inference of negligence should be drawn. Grand Trunk R. R. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Jones v. Railroad Co., 128 U. S. 443, 9 Sup. Ct. 118, 32 L. Ed. 478; Northern Pac. R. Co. v. Egeland, 163 U. S. 93, 16 Sup. Ct. 975, 41 L. Ed. 82; C., N. O. & T. P. R. Co. v. Farra, 66 Fed. 496, 13 C. C. A. 602.

The plaintiff had no actual knowledge of this dangerous opening in the street, and we are not justified in saying that, under the conditions assumed in the request, he was necessarily guilty of contributory negligence.

Judgment is accordingly affirmed.