SLENTZ v. WESTERN BANK NOTE & ENGRAVING CO. OF CHICAGO, ILL.

(Circuit Court of Appeals, Third Circuit. August 1, 1910.)

No. 24.

1. TRIAL (§ 142*)—PROVINCE OF COURT AND JURY.
   Where the facts are in dispute, so that different inferences might be drawn, a verdict could properly be for either party, and the court cannot become a finder of facts and a decider of alternative inferences.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. § 142.*]

2. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—ACTION—QUESTION FOR JURY—NEGLIGENCE.
   In an injury action by a servant, whether he was negligent *held*, under the evidence, for the jury.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089-1132; Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Andrew Slentz against the Western Bank Note & Engraving Company of Chicago, Ill. There was a verdict for plaintiff, and a judgment for defendant notwithstanding the verdict, and plaintiff brings error. Reversed, with directions.

Meredith R. Marshall and Thos. M. & Rody P. Marshall, for plaintiff in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edwin W. Smith and Reed, Smith, Shaw & Beal, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. In the court below Andrew Slentz obtained a verdict for personal injuries against the Western Bank Note & Engraving Company. The defendant on the trial asked the court to charge that "under the pleadings and all the evidence the verdict must be for the defendant," and, the verdict being in favor of the plaintiff, it subsequently moved the court to enter judgment in its favor non obstante veredicto. Such motion was granted, and, judgment being entered, plaintiff sued out this writ and assigned for error such entry.

After a careful examination of the proofs, we are of opinion the court was right in submitting the case to the jury. The facts were in dispute, and, when established, different inferences might be drawn from them. As such facts or inferences were drawn, the verdict could properly be for either party. Under such circumstances a court cannot become a finder of facts and a decider of alternative inferences. Dalmas v. Kemble, 215 Pa. 410, 64 Atl. 559; Ackley v. Bradford Township, 32 Pa. Super. Ct. 487.

The proofs of the plaintiff show that the J. B. Orr Company, for which he was working, was moving printing machinery for the defendant company from its old location to a new building. The machinery was carried in transit on an elevator operated by the defendant, from the ground floor of such new building to the upper ones occupied by the defendant. The elevator was at the rear end of a dark, unlighted hall. After the defendant's elevator operator helped put the machinery on and remove it from the elevator, during the two days the moving was being done, he had always kept the elevator at the floor where the machinery was being loaded until the work was finished and the men were ready to go up or down on the elevator. Slentz had never ridden on the elevator, but had always walked up and down the stairs. The building was only partially completed, and there was no gate or guard in front of the elevator, but there was no proof that Slentz had seen the latter except in place. On the second day Slentz, after helping on one of the upper floors to unload and move certain articles from the elevator, walked down stairs carrying some tools. As he passed near the elevator on his way to the wagon to leave the tools, he was told to get some rollers that had just been brought down on it. He then called to Barnett, who was employed by the defendant to run the elevator, "Have you got them rollers on the elevator?" to which Barnett replied that he had. The plaintiff then said, "Wait a minute, and I will come and get them," to which Barnett replied, "All right." Slentz then went about twenty feet to the wagon, laid down his tools, and returned to the elevator. Instead of remaining, as plaintiff contended he promised to do, Barnett had meanwhile taken a workman to one of the upper floors, leaving the shaft unprotected. The plaintiff returned to get the rollers, and thought

he saw the elevator in place. He stooped and reached into the opening to get the rollers, but instead fell forward into the shaft and was injured. This testimony was denied; but, the jury having found for the plaintiff, we must regard it as established that Barnett said what Slentz testified to, and that it was meant and accepted as a promise to Slentz that he would wait there for him.

Under such circumstances the question of Slentz's conduct, as bearing on the question of negligence, was for the jury, and in determining that question the effect of Barnett's promise was to be given due weight. In Northern Pacific Railroad Company v. Amato, 144 U. S. 465, 12 Sup. Ct. 740, 36 L. Ed. 506, a railroad section hand walked across a bridge and gave no thought to the approach of a train, because the boss had told him no train would come over the bridge at that hour. The trial court in its charge told the jury that, on the question whether it was a prudent thing for the plaintiff to walk across the bridge in the manner he did and not see the engine approaching until it was directly upon him, they had a right to take into consideration the statement, which he said was made to him by the boss, that it was safe for him to cross at that time, and that no engine would go over the bridge until about half-past 7 o'clock. Of this the Supreme Court say:

"The testimony of the plaintiff that the boss or foreman of the defendant had told him that no train or engine would come over the bridge until about 7 or half-past 7 o'clock was properly to be taken into consideration by the jury in determining the question whether the plaintiff was negligent in not seeing the engine. We concur also with the view * * * that it was fairly a question for the jury to determine whether or not it was negligence on the part of the plaintiff not to keep a lookout for a coming engine, in view of the assurance of the boss that there was none to come, and that the case is quite within the decisions in Bradley v. New York Central Railroad, 62 N. Y. 99, and Oldenburg v. New York Central Railroad, 124 N. Y. 414 [26 N. E. 1021]."

In view of this and other decisions, viz., Ernst v. Hudson Company, 35 N. Y. 9, 90 Am. Dec. 761, Cary v. Morrison, 129 Fed. 177, 63 C. C. A. 267, 65 L. R. A. 659, Metal Company v. Maroni, 123 Fed. 410, 59 C. C. A. 518, Allis Company v. Reilley, 143 Fed. 298, 74 C. C. A. 436, Swift v. Langbein, 127 Fed. 111, 62 C. C. A. 111, and in light of the facts of Barnett's promise and his usual course of keeping the elevator on the level of the floor where this moving gang was working, we are clear that the question whether the defendant was guilty of contributory negligence was for the jury and not the court to decide. The case falls within the principle laid down in Railroad v. Stout, 17 Wall. 657, 21 L. Ed. 745:

"Certain facts we may suppose to be clearly established, from which one sensible, impartial man would infer that proper care had not been used and that negligence existed, and another man equally sensible and equally impartial would infer that proper care had been used and that there was no negligence. It is this class of cases and those akin to it that the law commits to the decision of the jury."

Judgment will therefore be reversed, with directions to enter judgment for the plaintiff, in accordance with the verdict rendered by the jury.