### McLAUGHLIN v. JOSEPH HORNE CO.

(Circuit Court of Appeals, Third Circuit. June 9, 1913.)

No. 1,707.

1. MASTER AND SERVANT (§ 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.

Plaintiff was employed in defendant's store. On the second floor there was a toilet room which she was accustomed to use and which was entered by two steps upward from the floor and through a door. The floor in this room had been taken out in making repairs, but plaintiff had not been notified and did not know it, and, as she stepped through the door, she fell a distance of 10 feet and was injured. The door was not fastened, but there was a large card upon it with a notice that the place was closed for repairs. Plaintiff testified that she did not see the notice; that she was looking down; that the approach was through a narrow space between two showcases which was also incumbered to some extent by boxes. *Held*, that the evidence was not so clear as to warrant the court in directing a verdict on the ground that she was guilty of contributory negligence as a matter of law, but that the question was one for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

2. TRIAL (§§ 142, 143*)—DIRECTION OF VERDICT—POWER OF COURT.

It is sometimes the duty of the judge to direct a verdict for one party or the other, but he has no power to do so where the testimony is oral and conflicting, or where, although the facts are not directly disputed,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

It is uncertain what inferences should be drawn from them. Inferences of fact are themselves facts, and ordinarily the jury must draw them, and not the judge; and this is especially true when the inquiry has to do with the standard of ordinary care under circumstances where no previously defined standard exists.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 337, 342, 343; Dec. Dig. §§ 142, 143.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Action at law by Luema McLaughlin against Joseph Horne Company. Judgment for defendant, and plaintiff brings error. Reversed.

T. M. & R. P. Marshall and Walter P. Rainbow, all of Pittsburgh, Pa., for plaintiff in error.

John M. Freeman, of Pittsburgh, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. [1] In this action of tort for personal injuries the plaintiff obtained a verdict, but judgment non obstante veredicto in favor of the defendant was afterwards entered, the learned judge having come to the conclusion that the jury should have been charged as matter of law that the plaintiff had been guilty of contributory negligence. He thus states some of the circumstances of the case:

"* * * The facts necessary to an understanding of the case are: The plaintiff was employed by defendant in its store on Penn avenue in the city of Pittsburgh. Upon the second floor of the store defendant provided a toilet room which was entered by two steps upward from the floor and through a door. Prior to July 2, 1909, the floor of this toilet room was removed by the destruction of the building in which it was. On July 2, 1909, the plaintiff, intending to go to the toilet room, passed from the store to the steps leading up to the door, pushed the door open, stepped through the doorway, and fell a distance of ten feet or more and was injured.

"The negligence alleged by plaintiff was the failure to notify plaintiff of the removal of the toilet room, the allowing the door to be unlocked, the failure to have a notice or warning placed upon the door, and the failure to properly safeguard its employés from injury when it knew the floor of the toilet room had been removed. The evidence upon these different questions, except as to the allegation of a notice or warning upon the door of the toilet room, is conflicting, and upon a careful examination of it we are of opinion that the question of defendant's negligence was for the jury. It is unnecessary to discuss or comment upon this evidence because we believe the whole case turns upon the question of plaintiff's contributory negligence."

The belief thus stated, and afterwards reasserted in the opinion, has also been supported in this court by an earnest and capable argument from the defendant's counsel; but we have not been convinced that no other inference of fact can fairly be drawn from the evidence except the inference that the plaintiff heedlessly failed to make the ordinary use of her eyes, and therefore did not observe her surroundings —especially the warning notice on the door—and negligently walked

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

into a dangerous place. The rest of the opinion below discusses the subject in the following language:

"The undisputed evidence shows that at the time of the accident there was upon the door a white cardboard sign 11 by 14 inches, upon which was printed in large black letters, 'Closed for Repairs'; that one approaching this door, as the plaintiff approached it, had an unobstructed view of the door and of the sign upon it; and that at the time of the accident there was a light burning over the door. The plaintiff testified on cross-examination as follows:

"Q. Were you looking up or were you looking down?
"A. I was looking down when I got to the toilet room door.
"Q. You were looking down when you got to the toilet room door?
"A. Yes, sir.
"Q. When you got in the door were you still looking down?
"A. Looking down to see where I was going.
"Q. Looking down to see where you were going; that is, down towards your feet?
"A. Yes, sir.
"Q. You were not looking ahead of you at that time?
"A. No.
"Q. Did you look to see if there was any sign on the door?
"A. I did not. I had no reason to think there would be one there.
"Q. You didn't look to see whether there was or wasn't?
"A. No.
"Q. And just opened the door and went through without looking?
"A. I turned the knob and pushed the door, and when I saw the open space, it was too late to save myself; I tried to, but couldn't.
"Q. After you passed these showcases, did you look at the door at all?
"A. No.
"Q. And the showcases were some distance from the door, were they not?
"A. A very short distance.
"Q. Well, how many feet would you say from the door?
"A. Well, I should say not more than three or four feet at the most from the wall.
"Q. When you got to the steps, did you look at the door?
"A. No, I had no reason to look at the door; I wasn't expecting anything.
"Q. You had no reason to look at the door?
"A. No.
"Q. How many steps are there up to that door?
"A. Two.
"Q. Then the door sill is pretty wide, also, is it not?
"A. I couldn't say that.
"Q. You wouldn't say, then, or you don't know, whether there was a sign on the door or not?
"A. I don't know; I didn't see any.
"Q. The reason you say is that you didn't look at the door?
"A. I had no reason to look at the door."

From the facts thus stated the court then draws this conclusion:

"It is perfectly clear, under this evidence, that the accident happened to plaintiff because she failed to use her eyes as she approached the door. Had she done so, she unquestionably would have seen the notice on the door, and that notice was sufficient warning to prevent her from passing through the door. She was clearly guilty of such carelessness in approaching the door and passing through it as to amount to negligence on her part, and this prevents her from recovering from defendant. Gallagher v. Snellenburg, 210 Pa. 642 [60 Atl. 307]; Sickels v. Philadelphia, 209 Pa. 113 [58 Atl. 128]; Greis v. Hazard Mfg. Co., 209 Pa. 276 [58 Atl. 474]; Stewart v. Pennsylvania Co., 130 Ind. 242 [29 N. E. 916]; Sparks v. Siebrecht [19 App. Div. 117, 45 N. Y. Supp. 993]; Brenstein v. Mattson, 10 Daly (N. Y.) 336; Day v. Railway Co., 137 Ind. 210 [36 N. E. 854].

"The facts of this case being undisputed, it is clearly the duty of the court to determine the question of negligence as a matter of law. Southern Pacific Co. v. Pool, 160 U. S. 440 [16 Sup. Ct. 338, 40 L. Ed. 485]; Union Pacific Ry. Co. v. McDonald, 152 U. S. 262 [14 Sup. Ct. 619, 38 L. Ed. 434]; Custer v. Railroad Co., 206 Pa. 529 [55 Atl. 1130]."

As already intimated, we do not think that the court below has given due weight to the evidence, taken as a whole. In addition to the foregoing facts, there was also testimony to the effect that the plaintiff was going to a place where she had a right to go; that she had been allowed, and was accustomed, to use the toilet room in question, and was familiar with its surroundings; that on the morning of the accident she was approaching it in some haste; that she had received no notice that repairs were in progress, and had no actual knowledge otherwise of the fact; that the pathway leading to the door was narrowed by a showcase on each side, and was to some extent incumbered with boxes on the floor, these engaging her attention in part as she neared the door; and that the light in the neighborhood, natural and artificial, may not have been adequate. We do not refer to the weight of the evidence on these matters, but merely call attention to the fact that such evidence was offered, although in the end it was apparently regarded as unimportant. In this attitude we find ourselves obliged to differ from the court below; in our opinion the case was for the jury and not for the trial judge.

[2] Undoubtedly it is sometimes the duty of the judge to direct a verdict in favor of one party or the other; but he has no power to do so if the testimony be oral, and be conflicting. And a conflict may exist among the witnesses, not only where facts are directly disputed, but also where it is uncertain what inferences should be drawn from the facts after these have been established. Inferences of fact are themselves facts, and ordinarily the jury must draw them, and not the judge. Especially is this true when the inquiry has to do with the standard of ordinary care, care according to the circumstances, where no previously defined standard exists, and where our system of jurisprudence commits to the judgment of a jury the duty of determining the shifting rule for the particular case. The present controversy belongs to this class, and it was therefore erroneous to hold that the plaintiff's contributory negligence had been incontestably proved, so that the judge was authorized to declare it as matter of law. Grand Trunk Ry. Co. v. Ives, 144 U. S. 417, 12 Sup. Ct. 679, 36 L. Ed. 485; Texas, etc., Ry. Co. v. Harvey, 228 U. S. 319, 33 Sup. Ct. 518, 57 L. Ed. ——, decided April 14, 1913; Slentz v. Western, etc., Co. (C. C. A. 3d Circuit) 180 Fed. 389, 103 C. C. A. 535; U. S. v. Kansas, etc., Ry. Co. (C. C. A. 8th Circuit) 202 Fed. 835.

But we cannot enter judgment for the plaintiff on the verdict; for a question that may seriously affect the defendant's liability is fairly raised by the evidence, and was not properly submitted by the charge. The defendant called several witnesses whose testimony tended to prove that the door had been securely barred for some days before the accident, and that if the bar had been removed on the morning in question the removal was without the defendant's knowledge and contrary

to its order, and might have been the act of some unauthorized person. Whether the defendant would be liable, under such circumstances, was evidently a question of importance, but the point was neglected or overlooked; for the charge barely refers to it, and certainly the jury did not receive adequate instructions thereon. So far as we can discover, the following sentence contains the only allusion to this matter:

"Evidence tending to show warnings given of the prospective repairs, evidence tending to show the location of the door, the posting of notice on the door, evidence showing the lights about the door, and evidence as to *the barring of the door*, has been offered by the defendant."

Nothing more was said; no instruction was given concerning either the defendant's duty, or the presence or absence of the bar at the time of the accident, or the defendant's actual or constructive knowledge on this subject, or the bearing of any of these facts (and perhaps of other related facts) upon the defendant's liability; and the jury was therefore left without guidance upon what may have been a vital point in their deliberations. The defendant is entitled to have this question fairly presented and considered.

The judgment is reversed, with costs, and a new venire is awarded.