[No. 17124.   Department Two.   October 19, 1922.]

### MARY JOHNSON et al., Appellants, v. WASHINGTON ROUTE, INCORPORATED, Respondent.[1]

SHIPPING (12)—TORTS—CONTRIBUTORY NEGLIGENCE.  A passenger alighting from a steamboat in broad daylight is guilty of contributory negligence, precluding a recovery, where she stepped off the end of the gang plank without looking to see if there was any step at the end of the plank, and fell because of her failure to use her faculties.

Appeal from a judgment of the superior court for King county, French, J., entered October 6, 1921, upon granting a nonsuit, dismissing an action for personal injuries sustained by a passenger on a boat. Affirmed.

*Bryan & Garland,* for appellants.

*Bronson, Robinson & Jones,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries claimed to have been due to the negligence of the defendant. One of the defenses pleaded was that of contributory negligence. The cause came on for trial before the court and a jury. At the conclusion of the plaintiffs' evidence, the defendant made a motion for nonsuit, which was sustained upon the ground of contributory negligence. From the judgment entered dismissing the action, the plaintiffs appeal. The appellants are husband and wife. The respondent is a corporation.

[1]Reported in 209 Pac. 1100.

On the 25th day of October, 1920, the appellant Mrs. Mary Johnson took passage upon the respondent's steamer Reeves, at the Manette dock in Kitsap county, for the city of Bremerton. When the steamer arrived at the municipal dock in the latter city, the employees of the respondent placed a gang plank from the boat to the wharf, the outer end being something like twenty-two or twenty-four inches above the floor of the dock. In stepping from the gang plank to the dock, Mrs. Johnson was injured. Three or four passengers had preceded her over the gang plank to the dock. An employee was at the end of the plank to assist the passengers in alighting. Mrs. Johnson passed over the gang plank, the employee took her hand for the purpose of assisting her to the dock, and as she stepped from the plank, being a woman said to be somewhat heavy, she went down upon the dock and was injured.

It was a clear day and nothing was present to obstruct her vision. In her testimony, Mrs. Johnson says that she thought there was a step at the end of the plank, and that the failure to have a step there was what caused her fall. She did not look to see if there were such a step, but walked off the gang plank without using her faculties to determine whether the employees had placed a step at the end of the plank before the passengers alighted.

Without deciding, it will be assumed that, under the facts as presented in the record, the question of negligence on the part of the respondent was one for the jury. The controlling question, however, is that of contributory negligence. The law requires a person to use his faculties so as to avoid danger, if he can reasonably do so, and failure in that regard, if it contributes to the injury, will prevent a recovery, and a person will be deemed to have actually seen what could

20—121 Wash.

have been seen if he had looked. There was nothing in this case that prevented Mrs. Johnson from seeing that there was no step at the end of the gang plank, if she had looked, and there were no attendant circumstances which would distract her mind and cause her not to notice the distance between the end of the plank and the floor of the dock, as appears in some of the cases cited and relied on by the appellants.

It is argued that whether Mrs. Johnson's negligence contributed to the injury was a question which should have been submitted to the jury, but the undisputed facts show that the thing which caused the injury was the failure of Mrs. Johnson to use her faculties when, if she had looked, she could have seen that no step had been placed at the end of the plank.

The argument in appellants' brief takes a somewhat wider range than this opinion would seem to indicate, but the question which is determinative of the controversy is that of Mrs. Johnson's contributory negligence, which was such as would, as a matter of law, prevent a recovery.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.