### DE HONEY v. HARDING.

(Circuit Court of Appeals, Eighth Circuit. June 20, 1924.)

No. 6425.

**1. Innkeepers ⬅️10—Reasonable care for guest's safety required.**
　　An innkeeper is not an insurer of safety of his guests, but must exercise reasonable care for their safety, comfort, and entertainment.

**2. Negligence ⬅️65—"Contributory negligence" defined.**
　　"Contributory negligence" is want of ordinary care, combining and concurring with defendant's negligence and contributing to injury as a proximate cause.
　　[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contributory Negligence.]

**3. Negligence ⬅️67—Ordinary use of senses required.**
　　A person must make reasonable use of his faculties to observe and avoid danger, and conclusive presumption is that injured person knows what he would have known, had he made ordinary use of his senses.

**4. Innkeepers ⬅️10—Guest held guilty of contributory negligence.**
　　Hotel guest, hurrying from her room diagonally across corridor, paying no attention to where she was going and without using her senses, stepping into a darkened stairway located about seven inches from the intersection of corridors, *held* contributorily negligent as matter of law.

In Error to the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Action by Mary De Honey against J. A. Harding. Judgment on directed verdict for defendant, and plaintiff brings error. Affirmed.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. H. David, of Minneapolis, Minn. (M. H. Boutelle, of Minneapolis, Minn., and William H. Barnett, of Fargo, N. D., on the brief), for plaintiff in error.

A. W. Cupler, of Fargo, N. D. (Ed Pierce, B. G. Tenneson, and L. U. Stambaugh, all of Fargo, N. D., on the brief) for defendant in error.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an action brought by Mary De Honey against J. A. Harding to recover damages for personal injuries growing out of an accident which occurred on October 4, 1919. The parties will be referred to as plaintiff and defendant, respectively, as. they appeared in the lower court. The defendant was the proprietor and engaged in the operation of a hotel known as the Hotel Annex, in the city of Fargo, N. D. The plaintiff was a traveling saleswoman. She arrived at Fargo October 2, 1919, registered, and was received as a guest at defendant's hotel. She was assigned to room 124 and continued in the occupancy of this room down to the time of the accident. The hotel was a three-story building fronting north on one of the main streets of Fargo. The main entrance was on the ground floor at the north end of the lobby. From the lobby the main stairway, situated at the north end of the building, ascended to the second floor and connected with the main corridor on that floor. This corridor extended along four sides of the second floor, in the shape of a rectangle, with rooms opening off of it on both sides. Plaintiff's room was an outside room, situated on the second floor at the south end of the building.

In order to reach it from the lobby she had to ascend the stairway and turn either to the right or left, travel down either of the two main north and south corridors until she reached the corridor at the rear, which ran east and west, and thence along that corridor to room 124, which opened off of the rear corridor. Plaintiff testified that after she registered at the hotel on the night of October 2d, in going to room 124 she ascended the main stairway, turned to the left into the main corridor, which runs north and south along the west side of the building, traveled south until she reached the east and west corridor at the rear of the building, turned again to the left into that corridor until she reached her room, 124, and that thereafter, in going to and from her room, she used the same route on all occasions prior to the time of the accident. She therefore passed by the place of the accident on several occasions before it occurred.

The corridors were approximately 5 feet in width and the ceilings 10 feet from the floor. The corridors were lighted at night by electric light and in the daytime by natural light. Extending along the floor of all these corridors was a carpet runner 3 feet in width. Immediately east of the intersection of the corridors at the southwest corner of the building there was a stairway, which opened off of the north side of the rear corridor. One flight of stairs ran up to the third floor and the other flight ran down to the first floor. The descending stairs were located immediately east of the north and south corridor, being sep-

arated only by a wall 7 inches in width. There was no platform at the head of the stairs, but they descended abruptly from the threshold between the corridor and stairway.

The accident occurred October 4th, at about 8 o'clock in the morning, when it was full daylight, on a clear day. The plaintiff left her room, traveled in a diagonal course, crossed the carpet runner and stepped off into the descending stairway, instead of going on to the main north and south corridor, fell and received the injuries of which she complains.

The descending stairway was shut off by a door at the lower end thereof and was dark. The corridor along which plaintiff was traveling was sufficiently lighted for her to have seen the staircase, the corner where she should have turned, and the surrounding conditions generally.

At the close of the evidence the defendant moved for a directed verdict, upon the grounds that the evidence failed to establish actionable negligence on the part of the defendant, and affirmatively showed that the plaintiff was guilty of contributory negligence. The motion. was sustained, judgment entered for the defendant, and from that judgment the case was brought to this court by writ of error. The plaintiff, testifying in her own behalf, said:

"Q. Now, Miss De Honey, this carpet runner than ran along the hallway, the side hall or corridor, past room 124, did that extend over to the stairway?

"A. I don't know anything about that, I only know that I took it for granted the floor was covered. I know nothing about how it extended.

"Q. Didn't you notice that when you stepped off to go down that stairway that you stepped off that carpet runner?

"A. I didn't step off anything; I went into it.

"Q. You didn't notice, then, that you were stepping off a carpet runner?

"A. I surely did not; no.

"Q. You did not?

"A. Why, no; I did not know where I went; I did not know I was stepping; I went into a darkened stairway; I did not know I was stepping into it. * * *

"A. I didn't know it was a darkened stairway; I thought I was turning the hall.

"Q. You knew it was dark?

"A. I knew it afterwards; I thought I was turning the hall.

"Q. Didn't you know it was dark when you stepped into it?

"A. I didn't know where I was stepping; I didn't step into that.

"Q. You didn't know where you were stepping?

"A. No.

"Q. Your eyes were open, were they, when you were walking through?

"A. I assumed they were.

"Q. Well, then, if it was dark, you could have seen that it was dark, couldn't you?

"A. It was surely dark.

"Q. It was surely dark?

"A. Or I wouldn't have walked into it.

"Q. Well, you had to turn in order to walk into it, didn't you?

"A. I don't think I had.

"Q. Turn and go to the right?

"A. I don't think I turned; I walked right into it.

"Q. Do you mean that you walked diagonally across this hall from room 124, do you?

"A. That is what I do mean.

"Q. Diagonally across?

"A. That is what I mean.

"Q. And right into that stairway?

"A. And right into that stairway.

"Q. And you were looking straight ahead?

"A. I was looking straight ahead.

"Q. And you saw it was dark?

"A. I don't know that I saw it was dark; I just took it for granted I was coming to the corridor.

"Q. If it was light, you could have seen it was a stairway?

"A. Yes; and I wouldn't have gone into it.

"Q. And yet you walked into a dark place, that you didn't know what it was, didn't you?

"A. Looks that way.

"Q. Looks that way, doesn't it?

"A. Yes; looks that way." ·

[1] An innkeeper is not an insurer of the safety of the person who is his guest, but his obligation is to exercise "reasonable care for the safety, comfort, and entertainment of his visitor." Clancy v. Barker (C. C. A. 8) 131 Fed. 161, 66 C. C. A. 469, 69 L. R. A. 653.

Assuming, without expressly deciding, that the unguarded stairway, located as it was under the existing conditions, constituted actionable negligence, which may be said to be very doubtful (Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Larned v. Vanderlinde, 165 Mich. 464, 131 N. W. 165; Woolworth & Co. v. Conboy [C. C. A. 8] 170 Fed. 934, 95 C. C. A. 404, 23 L. R. A. [N. S.] 743) we approach the question of contributory negligence.

[2] Contributory negligence has been defined as follows:

"Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred." Murray et al. v. Southern Pacific Co. (C. C. A. 9) 236 Fed. 704, at page 706, 50 C. C. A. 36, 38.

See, also, Southern Bell Telephone & Telegraph Co. v. Watts (C. C. A. 4) 66 Fed. 460, at page 466, 13 C. C. A. 579.

[3] The law requires a person to make reasonable use of his faculties to observe and avoid danger, and conclusively presumes that he knows what he would have known, had he made ordinary use of his senses. Johnson et al. v. Washington Route, Inc., 121 Wash. 608, 209 Pac. 1100; Seabridge v. Poli, 98 Conn. 297, 119 Atl. 214.

In Johnson v. Washington Route, Inc., supra, Mary Johnson, one of the plaintiffs, a passenger on a steamer, was injured in stepping from the gangplank onto the dock. The facts as stated in the opinion were as follows:

"Three or four passengers had preceded her over the gangplank to the dock. An employee was at the end of the plank to assist the passengers in alighting. Mrs. Johnson passed over the gangplank, the employee took her hand for the purpose of assisting her to the dock, and as she stepped from the plank, being a woman said to be somewhat heavy, she went down upon the dock and was injured.

"It was a clear day and nothing was present to obstruct her vision. In her testimony Mrs. Johnson says that she thought there was a step at the end of the plank, and that the failure to have a step there was what caused her fall. She did not look to see if there were such a step, but walked off

the gangplank, without using her faculties to determine whether the employees had placed a step at the end of the plank before the passengers alighted."

The court said:

"Without deciding, it will be assumed that, under the facts as presented in the record, the question of negligence on the part of the respondent was one for the jury. The controlling question, however, is that of contributory negligence. The law requires a person to use his faculties so as to avoid danger, if he can reasonably do so, and failure in that regard, if it contributes to the injury, will prevent a recovery, and a person will be deemed to have actually seen what could have been seen if he had looked."

[4] It appears from the evidence that the plaintiff, without any regard for her own safety, deliberately stepped from the lighted corridor into a darkened stairway, when, if she had used her eyes, she would have seen the stairway and avoided the accident. If she had left her room with her eyes closed, walked across the corridor, and stepped off into the stairway, no one would seriously contend that she was not guilty of negligence which contributed to her injury. Her own testimony shows she practically did this thing. It seems clear that plaintiff simply hurried out of her room, and, without paying any attention to where she was going and without using her senses, walked into this darkened stairway. We cannot escape the conclusion that plaintiff, as a matter of law, was guilty of negligence which contributed to the proximate cause of the injuries for which she seeks recovery. Zvanovich v. Gagnon & Co., 45 Mont. 180, 122 Pac. 272; Stanwood v. Clancy, 106 Me. 72, 75 Atl. 293, 26 L. R. A. (N. S.) 1213; Massey v. Seller et al., 45 Or. 267, 77 Pac. 397; Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Larned v. Vanderlinde, 165 Mich. 464, 131 N. W. 165; Sparks v. Siebrecht et al., 19 App. Div. 117, 45 N. Y. Supp. 993. Of course, if the defendant was not guilty of actionable negligence, plaintiff's negligence was not, strictly speaking, contributory negligence, but in either event the lower court properly directed a verdict and the result is the same.

The judgment is affirmed.